**Diane F. Jayson, Ph.D.**
**Licensed Psychologist**
**14520 Woodcrest Drive**
**Rockville, MD 20853**
**(301) 460-1675**

September 27, 2001

Ms. Christine R. Dailey
Reasonable Accommodation Committee
Health Unit
United States Postal Service
900 Brentwood Rd., NE
Washington, DC 20006

Dear Ms. Dailey,

    This letter is in response to your request for additional medical information on Mr. James E. Zeigler, concerning his request for reasonable accommodations. I have completed the Medical Restrictions Assessment Form, as I am his treating clinician. It should be noted that I am not a physician. However, I know of no physical restrictions for Mr. Zeigler.

    Mr. Zeigler is diagnosed with Posttraumatic Stress Disorder. He also has suffered from a secondary diagnosis of Major Depression. However, he has made much progress in therapy and his depression has lifted to the point that there are virtually no current symptoms. Although some symptoms of Posttraumatic Stress Disorder still persist, they should not currently interfere with his job performance as long as he is assigned to a work location where the past stressors did not occur and as long as there is no exposure to the persons causing the stressors.

    Mr. Zeigler's current impairment has no significant impact on his major life activities, such as caring for himself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning or working.

Sincerely,

Diane F. Jayson, Ph.D.
Licensed Psychologist

Exhibit 11
Page 1 of 1



EXHIBIT
A

**UNITED STATES POSTAL SERVICE®**          **EEO Complaint of Discrimination in the Postal Service**

*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name JAMES E. ZEIGLER | 2. SSN 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 | 3. Case No. 4-K-200-0166-02 |
|---|---|---|

| 4a. Mailing Address – Street or PC Box 14310 BLACKMON DRIVE | 4b. City State & Zip +4 ROCKVILLE, MD. 20853-2142 |
|---|---|

| 5. Email Address* ZEIGLERSE@AOL.COM | 6. Home Phone (301) 871-5592 | 7. Work Phone ( ) N A |
|---|---|---|

| 8. Position Title *(USPS Employees Only)* HST SERV FINANCE SPR | 9. Grade Level *(USPS Employees Only)* EAS-16 | 10. Do you have Veteran's Preference Eligibility? ☒ Yes ☐ No |
|---|---|---|

| 11. Installation Where You Believe the Discrimination Occurred *(Identify Installation, City, State, and Zip+4)* WASHINGTON DC BRENTWOOD POST OFF 900 BRENTWOOD RD NE WASHINGTON DC 20066-9998 | 12. Name and Title of Person(s) Who Took the Action(s) You Allege was Discriminatory 1 DELORES KILLETTE POSTMASTER 2 CHRISTINE DAILEY MANAGER 3 CHARLYNN LANCASTER MANAGER |
|---|---|

| 13a. Name of Your Designated Representative TO BE CHOSEN AT | 13b. Title LATER DATE (92) |
|---|---|

| 13c. Mailing Address *(Street or P.O. Box)* | 13d. City, State and Zip +4 |
|---|---|

| 13e. Email Address* | 13f. Home Phone ( ) | 13g. Work Phone ( ) |
|---|---|---|

**14. Type of Discrimination You Are Alleging**

☐ Race *(Specify):*    ☐ Sex *(Specify):*
☐ Color *(Specify):*    ☐ Age (40+) *(Specify):*
☐ Religion *(Specify):*    ☒ Retaliation *(Specify):*
☐ National Origin *(Specify):*    ☒ Disability *(Specify):*

**15. Date on which alleged act(s) of Discrimination Took Place**

16. Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R § 1614.106(d)

1) DENIED REASONABLE ACCOMMODATION WITHOUT JUST CAUSE AND CLEAR EXPLANATION. FALSE STATEMENT SUBMITTED BY MANAGEMENT OFFICIAL

2) PAYMENT FROM RESERVE ACCOUNT BALANCE NOT PAID AS SCHEDULED SINCE DECEMBER 14, 2001. ACTION VIEWED AS DISCRIMINATION AND RETALIATION

3) DISCRIMINATION AND RETALIATION AGAINST FOR FILING MEDICAL DOCUMENTS, OWCP CLAIMS, PRE EEO CONSULTATION AND ELM LSO APPEAL SETTLEMENT FOR REMOVAL

17. What Remedy Are You Seeking to Resolve this Complaint?

(1) BACK PAY + FRONT PAY
(2) COMPENSATORY DAMAGES
(3) PUNITIVE DAMAGES
(4) INJUNCTIVE RELIEF

18. Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS™ mediator?*
☐ Yes    ☒ No

*(Date You Received the Notice of Final Interview)*

| 19a. Signature of Dispute Resolution Specialist *Willie C. Boyd* | 19b. Date 9-6-02 |
|---|---|

| 20. Signature of Complainant or Complainant's Attorney *James Slate* | 21. Date of this Complaint 9-20-02 |
|---|---|

*Providing this information will authorize the U.S. Postal Service to send you important documents electronically.

EEO COMPLIANCE AND APPEALS
U.S. POSTAL SERVICE

SEP 2

PPP... CENTER

Formal Complaint Page 7 of 9

EXHIBIT B

PS Form 2565, March 2001 *(page 1 of 2)*

U.S. Postal Service

# Notice of Right to File Individual Complaint

| Counselee Name (Last, First, MI) | Informal Case No. |
|---|---|
| ZEIGLER, JAMES | 4-K-200-0166-02 |

This notice will attest to the fact that on _____ September 6, 2002 _____ I advised you of the actions taken concerning the allegation(s) of discrimination which you brought to my attention. If the matters which you raised during the precomplaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date this notice is received. PS Form 2565, EEO Complaint of Discrimination in the Postal Service, is being provided to you for this purpose. The complaint must be in writing, signed by you and delivered to:

> OFFICE OF EEO COMPLIANCE & APPEALS
> CAPITAL METRO OPERATIONS
> P.O. BOX 1730
> ASHBURN VA  20146-1730

The complaint will be deemed timely filed if it is delivered in person or postmarked before the expiration of the 15 calendar day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 calendar days of the expiration of the 15-day filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, national origin, age, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

  -- If you change your address, you have a regulatory requirement to immediately report the change to the EEO Compliance and Appeals Coordinator located in your area. (Employees at Postal Service Headquarters and Headquarters Field Units, and employees of the Inspection Service should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the action alleged to be discriminatory;

  -- You cannot add matters which were not discussed during counseling.

(3) The specific type of discrimination alleged, e.g., race - black, sex - female, etc.;

  -- If you allege disability discrimination, the alleged disability must be more than a temporary condition.

  -- If youe allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts which led you to believe you were discriminated against, and the names of similarly situated individuals whom you believe were treated differently than you.

  -- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.

  -- If you allege retaliation you must show a connection between the action about which you are complaining and your past EEO activity, and you must show that management was aware that you had engaged in protected activity when the alleged discriminatory action occurred.

(5) The name of the EEO Counselor and the date the Notice of Right to File was received.

---

## Privacy Act Notice / USPS Standards of Conduct

Privacy Act Notice. The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq, and 701 et. seq., and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center

for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction, and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses

USPS Standards of Conduct. Postal Service n cooperate in any postal investigation. Failure to su disciplinary action (ELM 666).

| | | Formal Complaint Page 8 of 9 |
|---|---|---|
| Signature of Counselee | Date | Signature of Counselor *Willie C. Boyd* | Date 9-6-02 |

Counselor, if Notice of Right to File is provided to Counselee by mail, it must be sent certified, return receipt requested. Attach signed PS Form 3811, Domestic Return Receipt, to this notice to evidence date of Counselee's receipt.

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

9-6-02
Postmark Here

Sent To *James Zeigler*
Street, Apt. No.; or PO Box No. *14310 Blackmon Dr.*
City, State, ZIP+4 *Rockville Md. 20853-2142*

7001 1140 0000 1922 3058

PS Form 3800, January 2001    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JAMES E ZEIGLER
14310 BLACKMON DR
ROCKVILLE MD 20853-2142

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by *(Please Print Clearly)*    B. Date of Delivery

C. Signature
X ☐ Agent ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)*    7001 1140 0000 1922 3058

PS Form 3811, March 2001    Domestic Return Receipt    102595-01-M-1424

**UNITED STATES POSTAL SERVICE** ®

**EEO Complaint of Discrimination in the Postal Service**
*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name JAMES E. ZEIGER | 2. SSN 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 | 3. Case No. |
|---|---|---|

**4a. Mailing Address** *(Street or P.O. Box)* 14310 BLACKMON DRIVE

**4b. City, State and ZIP + 4** ROCKVILLE MD 20853-2142

| 5. Email Address * | 6. Home Phone (301) 871-5572 | 7. Work Phone |
|---|---|---|

**8. Position Title** *(USPS Employees Only)* CUST SERV FIN SER

**9. Grade Level** *(USPS Employees Only)* EAS-1

**10. Do You Have Veteran's Preference Eligibility?** ☒ Yes ☐ No

**11. Installation Where You Believe Discrimination Occurred** *(Identify Installation, City, State, and ZIP+4)*
CAPITAL DISTRICT
COLUMBIA HEIGHTS STATION
4510 CHILLUM PL NW
WASH DC 20012-9998

**12. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory**
RODNEY PAYNE (MGR STAT)
DELORES KILLETTE (POSTMASTER DC)

| 13a. Name of Your Designated Representative | 13b. Title |
|---|---|

**13c. Mailing Address** *(Street or P.O. Box)* 14310 BLACKMON DR

**13d. City, State and ZIP + 4** ROCKVILLE MD 20853-2142

| 13e. Email Address * | 13f. Home Phone (301) 871-5572 | 13g. Work Phone |
|---|---|---|

\* Providing this information will authorize the Postal Service to send important documents electronically.

**14. Type of Discrimination You Are Alleging**

☐ Race *(Specify):*
☐ Color *(Specify):*
☐ Religion *(Specify):*
☐ National Origin *(Specify):*
☒ Sex *(Specify):*
☒ Age *(40+)* *(Specify):*
☒ Retaliation *(Specify Prior EEO Activity):*
☒ Disability *(Specify):*

**15. Date on Which Alleged Act(s) of Discrimination Took Place**
APRIL 4, 2003

**16.** Explain the specific action(s) or situation(s) that resulted in you alleging that you believe you were discriminated against (treated differently than other employees or applicants) because of your race, color, religion, sex, age (40+), national origin, or disability. *Note that if your allegation is like or related to a previous complaint, that complaint may be amended. 29 C.F.R. § 1614.106(d)*

DOCUMENTED EVIDENCE SUPPLIED UPON REQUEST
(1) DISABILITY DISCRIMINATION BY REQUESTING MEDICAL DOCUMENTATION AND NOT ACKNOWLEDGING PREVIOUSLY EXCEPT (PRECEDENT SETTING) MEDICAL DOCUMENTATION DATING BACK TO MARCH 2000 NOT EXCEPT FEB 2003 THRU PRESENT
(2) RETALIATION FOR PREVIOUS EEO ACTIVITY

**17. What Remedy Are You Seeking to Resolve this Complaint?**

(1) AGENCY CEASE & DESIST FROM HARASSMENT, RETALIATORY AND DISCRIMINATORY PRACTICES
(2) INJUNCTIVE RELIEF
(3) COMPENSATORY DAMAGES
(4) PECUNIARY & NON PECUNIARY DAMAGES

**18.** Did You Discuss Your Complaint with a *Dispute Resolution Specialist* or a *REDRESS Mediator?*

☐ Yes *(Date you received the Notice of Final Interview):*   ☒ No

**Formal Complaint Page 1 of 9**

| 19a. Signature of Dispute Resolution Specialist *Houston Coleman* | 19b. Date 7/18/03 |
|---|---|
| 20. Signature of Complainant or Complainant's Attorney *James Zeiger* | 21. Date of this Complaint APRIL 9 2003 |

PS Form **2565**, March 2001 *(Page 1 of 2)*

AUG 0 [stamp]

EXHIBIT e

**UNITED STATES POSTAL SERVICE®**

## Notice of Right to File Individual Complaint

TO: Name (First, MI, Last)

JAMES E. ZEIGLER

Re: Case No.

This notice will attest to the fact that on _____ I advised you of the actions taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you receive this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney, if you retained one to represent you. I am providing you with *PS Form 2565, EEO Complaint of Discrimination in the Postal Service*, for this purpose. Your complaint must be delivered to:

> **OFFICE OF EEO COMPLIANCE
> AND APPEALS
> POST OFFICE BOX 1730
> ASHBURN VA 20146-1730**

Your complaint will be deemed timely filed if it is received at this address before the expiration of the 15-day filing period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, age (40+), national origin, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) **Your name, address, position, and level;**

   ■ If you change your address, you have a regulatory requirement to immediately report the change to the Manager, EEO Compliance and Appeals, in your area. *(If you are employed at Postal Service Headquarters, a Headquarters Field Unit or by the Postal Inspection Service, you should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)*

(2) **The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the alleged discriminatory action at issue in this complaint;**

(3) **The specific type of discrimination alleged,** e.g., race - African American, sex - female, etc.;

   ■ If you allege disability discrimination, the alleged disability must be more than a temporary condition.
   ■ If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) **A brief statement of the facts** that led you to believe you were discriminated against and the names of similarly situated individuals whom you believe were treated differently than you.

   ■ If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.
   ■ If you allege retaliation, you must show a connection between the action at issue in the complaint you are filing and your past EEO activity. You must also show that when the alleged discriminatory action at issue in this complaint occurred, the management who took the action was aware that you had previously engaged in protected activity.

(5) **The name of the EEO Dispute Resolution Specialist** who provided you with this notice and the date you received this Notice of Right to File.

**Privacy Act Notice**

**Privacy Act Notice.** The collection of this information is authorized by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16; the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 633a; the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794a; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations ir matters within their jurisdiction; and to a National Labor Relations Act. Under the requested is voluntary for the complainant, other witnesses.

Formal Complaint
Page _2_ of _9_

| Signature of Dispute Resolution Specialist | Date Issued | Your Signature | Date Received |
|---|---|---|---|
| Houston Coleman | 7/18/03 | James | 1-23-03 |

*Dispute Resolution Specialist: If you are mailing this Notice, you must send it by Certified Mail, Return Receipt Requested.*

PS Form 2579-A, March 2001

Author:  THOMAS E MCGINNITY at MNMN006L
Date:    6/1/02  10:18 AM
Normal
TO: CARMEN M SLEDD at WADC999L, CHERYL A HUBBARD at WADC076L
Subject: Re[2]: FY01 EVA - Zeigler
-------------------------------- Message Contents

    Cheryl,

    The pfp check for Mr. Zeigler was returned by postmaster annotated
    that payment issued in error. Since he was only excluded from
    current payout and this check represented 33% of his fy2000 reserve
    account I released it back to postmaster on 3\29\2002. If the
    postmaster doesn't have the check he needs to contact the
    disbursing office about getting a replacement check issued.--

_____ Reply Separator _____
Subject: RE: FY01 EVA - Zeigler
Author:  CHERYL A HUBBARD at WADC076L
Date:    5/31/02 2:11 PM


Carmen,

My records indicate that James Zeigler (SSN 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) was given a credit
exclusion for FY2001, but he did receive a 33% payout from his reserve account
in the amount of $1,817.56. This was a separate EVA check dated 12/14/01 and
was sent to his office (10-5000 Washington DC) with the other checks for that
office.

Cheryl

-----Original Message-----
From: SLEDD, CARMEN M
Sent: Wednesday, May 15, 2002 12:20 PM
To: Hubbard, Cheryl A - Washington, DC
Subject: EVA

    I just received an inquiry from James Zeigler regarding his EVA. He
    said he never received his payout in the amount of $1,817. Can you
    please tell me whether or not he received this? And if not, can you
    tell me why he was not entitled to it?

    Thanks,

    Carmen

Compensation
Human Resources


**UNITED STATES
POSTAL SERVICE**

DATE: 12/06/2001

lılıJllılılılılılıllllllllılıllllılılıllllllllllılıll
JAMES E ZEIGLER                                                    227840536
14310 BLACKMON DR
ROCKVILLE MD 20853-2142
lllllllllllllllllllllllllllllllllllllllllllllllll

Dear Mr./Ms.  ZEIGLER

The performance of the Postal Service in Fiscal Year 2001 resulted in an incentive credit for most employees
under the Pay For Performance Program. To participate in the program, employees were required to meet eligibility
requirements and the conditions of other administrative rules. Employees who were deemed ineligible did not
receive a credit to their reserve account for Fiscal Year 2001 performance.

Our records indicate that you will not receive a credit to your reserve account for Fiscal Year 2001 due to
one of the following reasons. You either:

- Were in a LWOP status for the entire fiscal year, or
- You did not fully contribute to the performance of the organization, or
- Your conduct was unacceptable to the organization.

Since your Fiscal Year 2000 reserve account balance is $5,507.75 , you will be paid $1,817.56  33% as a lump
sum and  $3,690.19  remains in your reserve account. A separate check (net of income taxes and other
required deductions) dated December 14, 2001 will be sent to your work location. The amount remaining in
your reserve account is not subject to taxes until paid, and is at risk for future performance.

If you have any questions, contact your local personnel office.

Human Resources

To Manager, Personnel Service
Ms. Christine Bailey,

Please send EVA pay
to the address above

Formal Complaint
Page 4 of 9

J Zeigler
1-7-2002

MANAGER, EEO COMPLIANCE AND APPEALS
CAPITAL METRO OPERATIONS
**UNITED STATES**
**POSTAL SERVICE**

Date:  January 16, 2003

DONALD LANIER
EEO COMPLAINTS INVESTIGATOR
CAPITAL METRO OPERATIONS

ASSIGNMENT FOR INVESTIGATION

The following formal complaint filed on September 21, 2002 is
assigned to you for the purpose of conducting an investigation
into the alleged claims of discrimination.

JAMES E. ZEIGLER, COMPLAINANT
CASE NO. 4K-200-0166-02
DISTRICT:  CAPITAL

Enclosed is the formal complaint, the report of counseling,
the request for counseling, and any related correspondence or
documentation.

As the assigned Investigator in this case, you are authorized
to:

- Investigate all aspects of this complaint;
- Require all Postal Employees to cooperate in the
  investigation; and to
- Require Postal Employees who have knowledge of the
  alleged claim(s) of discrimination raised in the
  complaint to provide testimony in affidavit or under
  oath, affirmation, or penalty of perjury.

Feel free to contact the Senior Complaints Investigator with
any questions, problems, or needed advice with regards to the
above complaint.

Please make every effort to complete this case as soon as
possible.

Sincerely,

Brenda Morrison-Wesley
EEO Compliance & Appeals Specialist

Formal Complaint
Page 5 of 9

MANAGER, EEO COMPL.  ~O APPEALS
CAPITAL METRO OPERATIONS

**UNITED STATES**
**POSTAL SERVICE**

Date:  October 28, 2002

MICHELE FERREIRA
EEO COMPLAINTS INVESTIGATOR
CAPITAL METRO OPERATIONS

## ASSIGNMENT FOR INVESTIGATION

The following formal complaint filed on September 21, 2002 is
assigned to you for the purpose of conducting an investigation
into the alleged claims of discrimination.

### JAMES E ZEIGLER, COMPLAINANT
### CASE NO. 4K-200-0166-02
### DISTRICT: CAPITAL

Enclosed is the formal complaint, the report of counseling,
the request for counseling, and any related correspondence or
documentation.

As the assigned Investigator in this case, you are authorized
to:

- Investigate all aspects of this complaint;
-
- Require all Postal Employees to cooperate in the
  investigation; and to
- Require Postal Employees who have knowledge of the
  alleged claim(s) of discrimination raised in the
  complaint to provide testimony in affidavit or under
  oath, affirmation, or penalty of perjury.

Please feel free to contact me with any questions, problems, or
needed advice with regards to the above complaint.

You are required to complete this investigation no later than
January 26, 2003.

Sincerely,

Brenda Morrison-Wesley
Senior EEO Complaints Investigator

Formal Complaint
Page 6 of 9

EEO COMPLIANCE AND APPEALS
CAPITAL METRO OPERATIONS

 **UNITED STATES**
**POSTAL SERVICE**

September 05, 2003

James E. Zeigler                    Agency Case No.: 4K-200-0166-02
14310 Blackmon Drive
Rockville MD 20853-2142

Dear Mr. Zeigler:

We have received your complaints of discrimination, which include
case numbers 4K-200-0166-02 and 4K-200-0165-03, filed on
September 21, 2002 and August 6, 2003. Your complaints of
discrimination have been **consolidated** and will be processed under
case number **4K-200-0166-02.**

### ACKNOWLEDGEMENT OF CONSOLIDATION AND PARTIAL ACCEPTANCE/PARTIAL DISMISSAL OF FORMAL EEO COMPLAINTS

This is the Postal Service's partial acceptance/partial dismissal
on the above-cited discrimination complaints. You alleged
discrimination based on mental disability (Unspecified)
(PTSD/Major Depression) and retaliation (Prior EEO Activity),
when: (1) on March 25, 2002, you received a denial of your request
for reasonable accommodation; and (2) on or about December 14,
2001, you did not receive the FY 2001 EVA Pay for Perfromance Pay-
out. You alleged discrimination based on disability (Unspecified)
and retaliation (Prior EEO Activity), when, (3) on April 4, 2003,
medical documentation was requested from you.

#### A. Partial Acceptance

On October 4, 2002, the Agency accepted issue # 1 for
investigation. The scope of investigation will involve the
following accepted issue only:

Specific Issue: You alleged discrimination based on mental
disability(PTSD/Major Depression) and retaliation (Prior EEO
Activity), when, (1) on March 25, 2002, you received a denial of
your request for reasonable accommodation.

NOTE: If your complaint involves an allegation of age
discrimination, the Postal Service is required by the Age



Issues to be Investigated
Page 1 of 18

Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you desire to do so before signing any agreement resolving your complaint of age discrimination.

### B. *Partial Dismissal – Issue # 2 & 3.*

On October 4, 2002, the Agency dismissed issue # 2. Furthermore, the investigation will not involve the following specific issue:

Specific Issue: You alleged discrimination based on disability (Unspecified) and retaliation (Prior EEO Activity), when, (3) on April 4, 2003, medical documentation was requested from you.

## CASE CHRONOLOGY

Complainant was employed as a Supervisor Customer Services with the agency's Columbia Heights Post Office, located in Washington DC at the time of the alleged discriminatory action. The record reflects that complainant requested pre-complaint counseling on April 9, 2003, and received a Notice of Right to File Individual Complaint (PS Form 2579-A) on July 19, 2003. Subsequently, on August 6, 2003, complainant filed a formal complaint, Agency Case # 4K-200-0165-03, with the Office of EEO Compliance and Appeals, Capital Metro Operations.

## ANALYSIS AND CONCLUSION

### *Dismissal # 1*

Under part 29 C.F.R. 1614.106, a complaint must be filed within 15 days after receipt of the notice of the right to file a discrimination complaint issued by the Equal Employment Opportunity (EEO) Counselor. On July 18, 2003, EEO Counselor sent correspondence and his right to file an individual complaint, PS Form 2579-A, via First Class Mail, constructive delivery was delivered on July 19, 2003. That Notice of Right to File an Individual Complaint states in part:

> This notice will attest to the fact that on _____, I advised you of the action taken concerning the alleged discrimination that you brought to my attention. If the matters that you raised during the pre-complaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date you receive this notice. If you decide to file a formal complaint, your complaint must be put in writing and signed by you or your attorney,

if you retain on to represent you. I am providing you with PS Form 2565, EEO Complaint of Discrimination in the Postal Service, for this purpose. The complaint must be delivered to:

> Office of EEO Compliance and Appeals
> Capital Metro Operations
> P.O. Box 1730
> Ashburn, VA 20146-1730

Your complaint will be deemed timely if it is received at this address before the expiration of 15-day filling period, or if it bears a postmark that is dated before the expiration of the filing period. In the absence of a legible postmark, it must be received by mail within 5 calendar days of the expiration of the filling period.

Complainant's completed PS Form 2565 was received by the Office of EEO Compliance and Appeals, in an envelope bearing the postmark of August 6, 2003. Thus the record clearly establishes that complainant filed his formal complaint eighteen (18) calendar days after his receipt of the notice of his right to file a complaint.

The regulations provide that the agency shall dismiss a complaint or portion of a complaint that fails to comply with the applicable time limits contained in 1614.106. Therefore, complainant's complaint alleging discrimination as cited above is now dismissed as untimely filed in accordance with 29 C.F.R. 1614.107(a)(2).

## *Dismissal # 2*

Pursuant to EEOC Regulations found at 29 Code of Federal Regulations, Part 1614.107· (a)(1), the agency shall dismiss a complaint that fails to state a claim. The regulations provide that an agency may not accept a complaint from a complainant that is not aggrieved. The term **"aggrieved"** has been interpreted by the courts and the Office of Federal Operations to mean an employee who has **suffered a personal loss or harm with respect to a term, condition, or privilege of employment.**

Generally, to be aggrieved, complainant must demonstrate that: 1) he suffered an injury, and 2) the agency's allegedly unlawful conduct caused that injury. Additionally, there must be a causal connection between the challenged conduct and the injury. Moreover, the required causal connection will be satisfied only if there is a substantial likelihood that the relief requested will redress the injury. Stated another way, it is clear that unless

- 4 -

complainant has suffered a direct and personal deprivation at the hands of the agency, he cannot properly be considered a "person aggrieved" under the Commission's Regulations and thus is without standing to file a charge based on an alleged discriminatory employment practice.

The complainant alleged that he was discriminated against when on April 4, 2003, medical documentation was requested and his previously submitted medical documentation dating back to March 2000 was not acknowledged.

A review of the record shows that complainant has failed to provide any evidence that would suggest that he **suffered a personal loss or harm with respect to a term, condition, or privilege of employment** as a result of the alleged management actions he cites in this case. There is no evidence that the agency took any disciplinary action against complainant or that he suffered any harm or injury with respect to his employment because of the agency's alleged action.

It should be noted that under EEO regulations, every work-related issue does not constitute a term, condition, or privilege of employment. The central issue is whether complainant can demonstrate that he incurred an actual personal loss or harm and that he personally would benefit in a tangible way from the EEO Commission's intervention.

Clearly, as complainant has failed to show that he was harmed by any alleged adverse management action and complainant would not benefit from the intervention of the Commission, he is not aggrieved within the definitions of the law. Therefore, complainant's allegation as cited above is now dismissed in accordance with 29 C.F.R. 1614.107(a)(1).

You do not have the right to appeal this decision at this time. (See, 29 Code of Federal Regulations, Part 1614.107(b). A copy of this correspondence will be associated with the investigative file and will become a part of the record of this complaint. You have the right to submit a statement for the record providing your position on this dismissal. You should submit this statement to the Manager EEO Compliance and Appeals, Capital Metro Operations, P.O. Box 1730, Ashburn VA 20146-1730. If you disagree with the Postal Service's reasons for dismissing these issues, you may raise your objections with the Administrative Judge in the event that you request a hearing on your complaint or the issues will be decided in the Postal Service's final agency decision on the complaint in the event you do not request a hearing.

The investigation of the accepted issues will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.  Should you seek to amend the complaint, the amendment will extend the time for processing an additional 180 days from the date of the amendment with the total allowable time for processing the complaint and all amendments no more than 360 days.

When the investigation is completed, you will receive a copy of the investigative report, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission (EEOC) Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.  You may request a final agency decision without a hearing, at the appropriate time, by writing the Manager, Office of EEO Compliance & Appeals, Capital Metro Operations, P.O. Box 1730, Ashburn, VA 20146-1730.

You may request a hearing by an EEOC Administrative Judge by notifying, in writing, the District Director of the EEOC at the following address:

> District Director
> EEO Commission
> Washington Field Office District Office
> 1400 L Street NW Suite # 200
> Washington DC 20005-3514

You must make your hearing request within 30 calendar days of your receipt of the investigative report and you must provide the Office of EEO Compliance & Appeals, P. O. Box 1730, Ashburn, VA 20146-1730 with a copy of that hearing request.  If you do not receive your investigative report and notification concerning your appeal rights within 180 calendar days from the date on which you filed your formal complaint, you may request a hearing by writing directly to the EEOC District Office shown above, with a copy to the Office of EEO Compliance & Appeals, P.O. Box 1730, Ashburn, VA 20146-1730, at any time up to 30 calendar days after receipt of the investigative report.

If you are dissatisfied with the Postal Service's final agency decision where there has been no hearing, or with the Postal Service's final action on the decision of an Administrative Judge following a hearing, you have certain appeal rights.  You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), at the address shown below, within 30 calendar days of the date of your receipt of the final agency

decision or you may file a civil action in the appropriate U. S. District Court within 90 calendar days of your receipt of the decision. You may also appeal a final action by the Postal Service implementing a decision of an Administrative Judge following a hearing within 30 calendar days of the date of your receipt of that final action or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action. Finally, you may respond to an appeal by the Postal Service in connection with its final action not to implement a decision of an Administrative Judge following a hearing or you may file a civil action in an appropriate U. S. District Court within 90 calendar days of the date of your receipt of the final action and appeal.

Any appeal to the EEOC should be addressed to the Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, D.C., 20036-9848. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the Office of EEO Compliance and Appeals, U S Postal Service, Capital Metro Operations, P. O. Box 1730, Ashburn, VA 20146-1730.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint or if no final action has been taken on a decision by an Administrative Judge.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the Office of Federal Operation's decision. If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

Kuldip S. Kang
Senior EEO Complaints Investigator
Office of EEO Compliance & Appeals
Capital Metro Operations

Attachment:
        Certificate of Service

## UNITED STATES POSTAL SERVICE
## EQUAL EMPLOYMENT OPPORTUNITY CASE
### IN THE MATTER OF

### James E. Zeigler, Complainant
### Agency Case No. 4K-200-0166-02

## CERTIFICATE OF SERVICE

I hereby certify that the Agency's Acceptance of Formal EEO
Complaint has been sent by regular mail on this date to:

**COMPLAINANT:** (Pro-Se)
James E. Zeigler
14310 Blackmon Drive
Rockville MD 20853-2142

**MANAGER EEO DISPUTE RESOLUTION**
Capital District USPS
9201 Edgeworth Dr.
Capitol Heights MD 20790-7606

**EEO COMPLAINTS INVESTIGATOR**
Capital Metro Operations
P.O. Box 1730
Ashburn VA 20146-1730

9/5/03
Date

OFFICE OF EEO COMPLIANCE AND APPEALS
UNITED STATES POSTAL SERVICE
CAPITAL METRO OPERATIONS
P.O. BOX 1730
ASHBURN VA  20146-1730

Issues to be Investigated
Page 7 of 18

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### WASHINGTON, D.C. FIELD OFFICE
1801 L Street, NW, Suite 100
Washington, D.C. 20507

| | | |
|---|---|---|
| James E. Zeigler,<br>    Complainant, | : | EEOC No. 100-2005-00209X |
| | : | |
| v. | : | Agency No.  4K-200-0166-02 |
| | : | |
| John E. Potter, Postmaster General, | : | <u>April 26, 2006</u> |
|     U.S. Postal Service, | : | |
|     Agency. | : | |

## <u>ORDER ENTERING JUDGMENT</u>

For the reasons set forth in the enclosed Decision issued April 26, 2006, judgment in the above-captioned matter is hereby entered. A Notice To The Parties explaining their appeal rights is attached.

This office is also enclosing a copy of the Report of Investigation and Hearing record for the Agency and, if applicable, a copy of the transcript for Complainant and his representative.

SO ORDERED.

Richard W. Furcolo
Administrative Judge



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON, D.C. FIELD OFFICE
1801 L Street, NW, Suite 100
Washington, D.C. 20507

James E. Zeigler,  
    Complainant,  

      v.  

John E. Potter, Postmaster General,  
    U.S. Postal Service,  
    Agency.  

EEOC No. 100-2005-00209X

Agency No.    4K-200-0166-02

April 26, 2006

## DECISION

This Decision is issued pursuant to 29 C.F.R. § 1614.109 (g) (2005).[1] The matter comes before me upon the Agency's Motion for Decision Without a Hearing ("Agency's Motion"), dated July 26, 2005, and submitted on August 8, 2005; the Complainant's Opposition thereto ("Complainant's Opposition"), dated October 11, 2005. Based upon the arguments contained in the foregoing pleadings, the Report of Investigation (ROI), and the entire record herein, the Agency's Motion is GRANTED.

## ISSUES

*Whether, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-15 (Title VII), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§706, et seq. (Rehabilitation Act), the U.S. Postal Service ("Agency") discriminated against James E. Zeigler ("Complainant"), on the basis of his disability (mental) and in reprisal (prior EEO activity) when on March 25, 2004, Complainant's request fr a reasonable accommodation was*

---

[1] The Commission's regulations are patterned after the procedures and guidelines for summary judgment set forth in R. 56 of the Federal Rules of Civil Procedure. *Pedersen v. Reno*, Attorney General, EEOC Request No. 05943339 (1995). Fed. R. Civ. P. 56 provides, "When a motion for summary judgment is made and supported as provided in this rule, . . . . [t]he adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

*denied.*

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Upon review, I determine that the Agency's Motion correctly states the applicable, material facts and adopt same.

## STATEMENT OF APPLICABLE SUBSTANTIVE LAW

Complainant bears the ultimate burden of persuading the trier of fact that the Agency intentionally engaged in unlawful discrimination against him with respect to a term, condition or privilege of employment. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993). Absent direct evidence of discrimination, the Complainant in a Title VII or Rehabilitation Act case, as here, must carry the initial burden of production under the statutes of establishing a *prima facie* case of reprisal or disability discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252 (1981).

In this case, there is no direct evidence of discrimination.[2] Therefore, in order to prove his claims, Complainant may follow the *McDonnell Douglas* tripartite framework[3] to raise a rebuttable inference of unlawful discrimination, thereby requiring the Agency to articulate legitimate, non-discriminatory reasons for its actions. The burden of establishing a *prima facie* case is not onerous.

---

[2] Direct evidence, if believed by the trier of fact, resolves the ultimate issue of whether discrimination occurred, therein shifting the burden of proof to the Agency to demonstrate that the adverse action would have occurred even absent discrimination. *See EEOC Policy Guidance on Recent Developments in Disparate Treatment Theory*, No. 915.002, § III (1992); *Privette v. HUD*, EEOC Appeal No. 01832650 (1985); *Caban-Wheeler v. Elsea*, 904 F.2d 1549, 1555 (11th Cir. 1990).

[3] Because facts in EEO cases vary, the specific tripartite structure set forth in *McDonnell Douglas* for demonstrating the existence of a *prima facie* case is not necessarily applicable in all respects to every case. *McDonnell Douglas*, 411 U.S. at 802, fn. 13. Thus, a Complainant may establish a *prima facie* case of discrimination absent any factor identified by the Court.

To demonstrate a *prima facie* case under the Rehabilitation Act, Complainant must first demonstrate (1) he has a disability that substantially limits one or more of his major life activities; or (2) has a record of such an impairment, or (3) is regarded as having such an impairment. Rehabilitation Act. *See* 29 C.F.R. Part 1630.2. *See also Toyota v. Williams*, 534 U. S. 184 (2002). Significantly, the fact that another entity, *e.g.*, Veteran's Administration, Social Security Administration, Workmen's Compensation, *et al.*, has determined an individual to be "disabled", in whole or in part, does not establish that a Complainant is "disabled" as that term is applied under laws enforced by the EEOC. *See Melahn v. Dept. of Navy*, EEOC Appeal No. 01832380 (1985) (determination that person suffers from service-related disability does not establish Complainant as an individual with a disability under the Rehabilitation Act); *Crevier v. Postmaster General*, EEOC Appeal No. 01952393 (1997)(evidence of Veterans Administration's determination of disability does not establish individual as person with disability under Act); *Bono v. Postmaster General*, EEOC Appeal No. 01951113 (1997)(records of service-related disability do not describe condition or any limitation on major life activities).

Under Title VII, Complainant may establish a *prima facie* case of reprisal discrimination by demonstrating: (1) he opposed unlawful employment practices or participated in Title VII proceedings; (2) the Agency was aware of Complainant's participation in a protected activity; (3) the Agency took an adverse action against Complainant; and (4) the adverse action followed Complainant's participation in a protected activity within such period as to warrant an inference of a retaliatory motive. *See Webster v. Dep't of Army*, 911 F.2d 679, 688-91 (Fed. Cir. 1990); *Brown v. Brody*, 199 F.3d 446, 453 (D.C. Cir. 1999); *McKenna v. Weinberger*, 729 F.2d 783, 788-90 (D.C. Cir. 1984).

If Complainant establishes a *prima facie* case of discrimination, the burden of production then shifts to the Agency to articulate a legitimate, nondiscriminatory reason for its challenged actions. *Burdine*, 450 U.S. at 252-54; *McDonnell Douglas*, 411 U.S. at 802. If the Agency does so, the *prima facie* inference drops from the case. *St. Mary's Honor Ctr.*, 509 U.S. at 507, 510-11. Complainant then has to prove by a preponderance of the evidence that the proffered explanation is a pretext for unlawful discrimination. *St. Mary's Honor Ctr.*, 509 U.S. at 511; *Burdine*, 450 U.S. 252-53; *McDonnell Douglas*, 411 U.S. at 804. Complainant always retains the ultimate burden of persuading the trier of fact by the preponderance of the evidence that the Agency intentionally, and unlawfully, discriminated against him. *St. Mary's Honor Ctr.*, 509 U.S. at 511; *United States Postal Service v. Aikens*, 460 U.S. 711, 715 (1983).

In a disparate treatment case, whether Complainant has established a *prima facie* case of discrimination loses its importance when the Agency, as in this case, presents evidence of the reasons for its actions. *Aikens*, 460 U.S. at 717.

## FINDINGS AND ANALYSIS

The trier of fact has before him all the evidence needed to decide whether the Agency intentionally discriminated against Complainant based upon his disability or in reprisal for prior EEO activity.

Assuming, *arguendo*, that Complainant satisfied the procedural prerequisites for a Hearing, the evidence does not warrant one. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

-4-

Complainant has failed to demonstrate that he has a disability as that term is applied under the laws enforced by the EEOC. The fact that Complainant is considered under other authority, or that his medical expert neglected to substantiate his demonstration of a disability tot he Agency, does not satisfy his burden under the Rehabilitation Act. In addition, notwithstanding Complainant's inability to demonstrate that he is a person with a disability, as that term is used within the meaning of the Rehabilitation Act, Complainant simply does not demonstrate disparate treatment based upon his alleged disability. The Agency articulates that it requested medical documentation in support of Complainant's request for a reasonable accommodation and that Complainant failed to produce sufficient medical documentation, as requested. As such, there was insufficient information form which the Agency could determine what, if any, accommodation was reasonable, *i.e.*, effective, under the circumstances.

Complainant's allegations of reprisal are similarly unavailing. Complainant's prior participation in protected EEO activity predated his request for an accommodation by thirteen (13) years. Complainant's participation in disciplinary proceedings at the Agency is not participation in EEO activity. Moreover, no causal connection between any Agency action at issue herein and Complainant's asserted EEO activity, has been demonstrated. I fail to find that, contrary to Complainant's assertions, an Agency's request for medical documentation pursuant to an employee's request for a reasonable accommodation to be an adverse action.

Having thoroughly reviewed and, exercising strict scrutiny, considered all of the evidence of record, including the Report of Investigation and the submission of the Agency in the light most favorable to the Complainant; and, having found that the Agency's motion contains an accurate

-5-

recitation of the undisputed material facts and a correct legal analysis of the all of the matters at issue, I hereby adopt the Agency's motion and legal analysis contained therein. The explanations provided by the Agency are legally sufficient to justify a judgment for the Agency; and the Complainant has not demonstrated and, as noted above, the record does not contain, evidence of pretext. *See McDonnell Douglas; Furnco; Burdine; St. Mary's Honor Center; Consolidated Coin.*

As Complainant has not shown that there are any issues requiring a Hearing, the Agency is therefore entitled to summary judgment.

SO ORDERED

Date: April 19, 2006

Richard W. Furcolo
Administrative Judge

Encl.

Copies to: Designated Representatives of Record

Tanisha M. Edmonds, Esq. (by First Class mail only) (w/o Encl.)
USPS - Capital Metro Law Office
400 Virginia Avenue, SW, Suite 650
Washington, D.C. 20024
Agency's Designated Representative

Deborah Koh, Esq. (by First Class mail only) (w/o Encl.)
3 Leonard Court
Rockville, MD 20850
Complainant's Designated Representative

Manager, EEO Compliance and Appeals (by First Class mail only) (w/ Encl.)
U.S. Postal Service, Capitol Metro Operations
P.O. Box 1730
Ashburn, VA 20146-1730

## NOTICE

This is a decision by an Equal Employment Opportunity Commission Administrative Judge issued pursuant to 29 C.F.R. § 1614.109. **With the exception detailed below, the complainant may not appeal to the Commission directly from this decision.** EEOC regulations require the Agency to take final action on the complaint by issuing a final order notifying the complainant whether or not the Agency will fully implement this decision within forty (40) calendar days of receipt of the hearing file and this decision. The complainant may appeal to the Commission within thirty (30) calendar days of receipt of the Agency's final order. The complainant may file an appeal whether the Agency decides to fully implement this decision or not.

The Agency's final order shall also contain notice of the complainant's right to appeal to the Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for such appeal or lawsuit. If the final order does not fully implement this decision, the Agency must also simultaneously file an appeal to the Commission in accordance with 29 C.F.R. § 1614.403, and append a copy of the appeal to the final order. A copy of EEOC Form 573 must be attached. A copy of the final order shall also be provided by the Agency to the Administrative Judge.

If the Agency has not issued its final order within forty (40) calendar days of its receipt of the hearing file and this decision, the complainant may file an appeal to the Commission directly from this decision. In this event, a copy of the Administrative Judge's decision should be attached to the appeal. The complainant should furnish a copy of the appeal to the Agency at the same time it is filed with the Commission, and should certify to the Commission the date and method by which such service was made on the Agency.

All appeals to the Commission must be filed by mail, personal delivery or facsimile to the following address:

> Director
> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 19848
> Washington, D.C. 20036
> Fax No. (202) 663-7022

Facsimile transmissions over 10 pages will not be accepted.

## COMPLIANCE WITH AN AGENCY FINAL ACTION

An Agency's final action that has not been the subject of an appeal to the Commission or civil action is binding on the Agency. See 29 C.F.R. § 1614.504. If the complainant believes that the Agency has failed to comply with the terms of its final action, the complainant shall notify the Agency's EEO Director, in writing, of the alleged noncompliance within thirty (30) calendar days of when the complainant knew or should have known of the alleged noncompliance. The Agency shall resolve the matter and respond to the complainant in writing. If the complainant is not satisfied with the Agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the Agency has complied with the terms of its final action. The complainant may file such an appeal within thirty (30) calendar days of receipt of the Agency's determination or, in the event that the Agency fails to respond, at least thirty-five (35) calendar days after complainant has served the Agency with the allegations of noncompliance. A copy of the appeal must be served on the Agency, and the Agency may submit a response to the Commission within thirty (30) calendar days of receiving the notice of appeal.

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Washington Field Office
1801 L Street, N.W. – Suite 100
Washington, D.C. 20507-1002

OFFICIAL BUSINESS

20024+2755+50  C001



02 1A
0004601824
MAILED FROM ZIP CODE 20036

UNITED STATES POSTAGE
$ 00.63°
APR 25 2006

Tanisha M. Edmonds, Esq.
USPS - Capital Metro Law Office
400 Virginia Avenue, SW, Suite 650
Washington, D.C. 20024

RECEIVED

APR 27 2006

CAPITAL METRO LAW OFFICE
U.S. POSTAL SERVICE



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Washington Field Office

1801 L Street, N.W.
Suite 100
Washington, DC 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0739
1-800-669-4000

| | |
|---|---|
| James E. Zeigler,<br>Complainant,<br><br>v.<br><br>John E. Potter,<br>Postmaster General,<br>U.S. Postal Service,<br>Agency. | ) EEOC No. 100-2005-00209X<br>) Agency No. 4K-200-0166-02<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Date: April 6, 2005 |

### ACKNOWLEDGMENT AND ORDER

This acknowledges receipt of the complainant's request for a hearing. 29 C.F.R. § 1614.109 and Chapter 7 of EEOC Management Directive 110, November 9, 1999 (EEO MD-110) govern the conduct of hearings. The regulations and EEO MD-110 are available on the Commission's website at www.eeoc.gov.

The Administrative Judge whose name appears below has been assigned to preside over this complaint. Failure to follow the orders of the Administrative Judge or to comply with the Commission's regulations may result in sanctions. See 29 C.F.R. § 1614.109(f)(3). When a conflict between the parties arises, the parties should attempt to resolve the conflict themselves before bringing it to the attention of the Administrative Judge.

### I. CORRESPONDENCE AND MOTIONS

Each party must provide the opposing party with a copy of all correspondence that he/she sends to the Administrative Judge. The attachment of a certificate of service may demonstrate that the opposing party was provided a copy. Failure to provide a copy of submissions to the opposing party may result in return of such submissions without consideration. The parties are reminded of their ongoing obligation to keep this office informed of their current mailing address. Other than to clarify a procedural issue or during alternative dispute resolution, it is inappropriate for the parties to engage in ex parte (one-sided) communication with the Administrative Judge.

Extensions of filing dates and postponements will not be granted, absent a prompt request in writing and a showing of good cause. Failure by complainant to obtain representation, or failure by the agency to assign this matter to a representative, will not be grounds for postponement.

1



On any request or motion, the requesting party shall state that he/she has made a good faith effort to resolve the matter with the non-moving party and, where appropriate, indicate whether the opposing party has an objection to the request or motion. All motions should be accompanied by a proposed order granting the relief requested in the motion.

## II.    DESIGNATION OF REPRESENTATIVE

The parties are entitled to be represented. However, the complainant is not required to be represented. The EEOC does not provide representatives for either party. Even if the complainant has previously designated a representative for EEO counseling and agency investigation of the complaint, he/she must renew that designation for the purpose of EEOC processing of this complaint. The parties must inform this office of the name, address and telephone number of his/her respective representative. If that representative changes, or if a currently unrepresented complainant obtains representation in the future, the party shall notify the Administrative Judge and the other party immediately.

## III.   PARTIAL DISMISSALS

The parties have thirty (30) calendar days from receipt of this Order to identify any claims the agency has dismissed from the complaint during the agency investigative process, pursuant to 29 C.F.R. § 1614.107(a), and to comment on the appropriateness of each dismissal. Once the opportunity for identification and comment has passed, the Administrative Judge will determine, pursuant to 29 C.F.R. § 1614.107(b), the appropriateness of the agency's decision to dismiss each claim. If the complainant fails to oppose in writing the dismissal of a claim within the thirty (30) day comment period, the opportunity to have the dismissal reviewed by the Administrative Judge shall be deemed waived.

## IV.    SETTLEMENT

Within thirty (30) calendar days of receipt of this Order, the parties are directed to contact each other to define the claim(s) presented, to develop stipulations (*i.e.*, agreements between the parties that certain facts are true for purposes of adjudicating this complaint) and to discuss settlement. The parties must discuss specific settlement proposals. The agency must designate an individual with settlement authority to attend settlement discussions convened by an Administrative Judge.

## V.     DISCOVERY

The parties are hereby notified of their right to seek discovery prior to the hearing in accordance with 29 C.F.R. § 1614.109(d). The parties must cooperate with each other in honoring discovery requests. The parties are expected to initiate and complete needed discovery with a minimum of intervention by the Administrative Judge. **Except as indicated below, copies of interrogatories, requests for production of documents, requests for admissions, deposition notices and transcripts, and responses to such should not be sent to the Administrative Judge.**

A.    Discovery shall be completed within forty-five (45) calendar days from the date of receipt of this Order unless otherwise directed by the Administrative Judge. If the parties agree between themselves to extend discovery deadlines that would, in turn, extend the 45-day deadline, the parties must seek the Administrative Judge's prior approval.

2

B. The method and scope of discovery shall be subject to the following:

    1. Interrogatories shall be limited to one set. The set of interrogatories shall contain no more than thirty (30) questions including subparts.

    2. Requests for production of documents must be specific and identify the documents or types of documents requested. Requests for production of documents shall contain no more than thirty (30) requests including subparts.

    3. Requests for admissions shall not exceed thirty (30) in number including subparts. This limit does not apply to admissions relating to the authenticity of documents.

    4. The agency must make employees available for deposition. In addition, the agency must arrange for the appearance at deposition of former employees currently employed by the federal government.

Absent prior approval from the Administrative Judge, a party must initiate discovery within twenty (20) calendar days of receipt of this Order. If a party does not submit a timely discovery request, the Administrative Judge may determine that the party has waived the right to pursue discovery.

A party must respond to a request for discovery within thirty (30) calendar days from receipt of the request. Requests for discovery and objections to such requests must be specific. A notice of deposition does not require a written response; however, any objection to a notice of deposition must be served promptly on the moving party. A deposition may be noticed and taken at any time during the discovery period.

Discovery motions, including motions to compel, must be filed within ten (10) calendar days after receipt of a deficient response or after the response to the discovery is due, whichever occurs first. Motions to compel and other discovery motions must be accompanied by the discovery requests and responses and a declaration stating that the moving party has made a good faith effort to resolve the discovery dispute. The declaration shall indicate the efforts made to resolve the dispute and identify which items remain in dispute. Statements in opposition to discovery motions must be filed within ten (10) calendar days of receipt of the motion. Rulings will be made based upon the written submissions. The failure to timely file objections to discovery may result in the objections being deemed waived.

## VI. SANCTIONS FOR FAILURE TO FOLLOW ORDERS

Failure to follow this Order or other orders of the Administrative Judge may result in sanctions pursuant to 29 C.F.R. § 1614.109(f)(3). The Administrative Judge may, where appropriate:

    (A) Draw an adverse inference that the requested information, or the testimony of the requested witness, would have reflected unfavorably on the party refusing to provide the requested information;

    (B) Consider the matters to which the requested information or testimony pertains to be established in favor of the opposing party;

    (C) Exclude other evidence offered by the party failing to produce the requested

3

information or witness;

(D)     Issue a decision fully or partially in favor of the opposing party; or

(E)     Take such other actions as appropriate.

## VII.   DECISION WITHOUT A HEARING

Pursuant to 29 C.F.R. § 1614.109(g)(1), a party may file a motion for summary judgment if that party believes that some or all material facts are not in genuine dispute and there is no genuine issue as to credibility. **A motion for summary judgment must include a statement of the undisputed material facts.** Unless otherwise ordered by the Administrative Judge, a motion for summary judgment must be filed not later than fifteen (15) days after the close of discovery; the opposing party will then have fifteen (15) days from receipt of the motion in which to file a response; and the moving party will then have five (5) days from receipt of the response to file a reply. Motions for summary judgment, and responses to such motions, shall contain specific citations to referenced evidence (*e.g.*, cite the specific pages of the report of investigation, or other submitted evidence, in support of an argument).

The Administrative Judge may also issue summary judgment on his/her own initiative, pursuant to 29 C.F.R. § 1614.109(g)(3).

An Administrative Judge may also dismiss a complaint pursuant to 29 C.F.R. § 1614.109(b) for any of the reasons set forth in 29 C.F.R. § 1614.107(a). The Administrative Judge may dismiss complaints on his/her own initiative, or upon the Agency's motion to dismiss a complaint.

## VIII.   AMENDMENT AND CONSOLIDATION OF COMPLAINTS

Pursuant to 29 C.F.R. § 1614.106(d), the complainant may move to amend his/her complaint to add claims that are like or related to the original complaint. In order to amend the complaint, the complainant shall submit a motion as early as possible to the Administrative Judge stating the new claim, the date(s) when it occurred, and why it is like or related to the original complaint. The Administrative Judge may amend the original complaint to include the new claim(s) if he/she finds the new claim is like or related to the original complaint. Motions to amend filed late in the process may be denied.

The Administrative Judge also has discretion to consolidate complaints pursuant to 29 C.F.R. § 1614.606. The parties shall advise the Administrative Judge in writing of any other complaint(s) pending at any stage of processing and should include all case number(s) or other information identifying such complaint(s).

It is so ORDERED.

*Richard Furcolo*

For the Commission:

_____

Richard W. Furcolo
Administrative Judge
Telephone: (202) 419-0712
Facsimile: (202) 419-0701

4

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing ACKNOWLEDGMENT AND ORDER within five (5) calendar days after the date it was sent *via* first class mail. I certify that on April 6, 2005, the foregoing ACKNOWLEDGMENT AND ORDER was sent *via* first class mail to the following:

James E. Zeigler
14310 Blackmon Drive
Rockville, Maryland 20853-2142

James E. Zeigler
C/O Debra Koh
200-A Monroe St
Suite 210
Rockville, MD 20850

Sent via fax to (202) 314-6820

David Stanton
Managing Counsel
U.S. Postal Service
400 Virginia Avenue, S.W.
Suite 650
Washington, D.C. 20024-2730

*Tanya Stanfield*

Tanya A. Stanfield
Legal Technician

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Washington Field Office

1801 L Street, N.W.
Suite 100
Washington, DC 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0739
1-800-669-4000

R. Furcolo

| | |
|---|---|
| James E. Zeigler,<br>　　Complainant,<br><br>　　　　　　v.<br><br>John E. Potter,<br>Postmaster General,<br>U.S. Postal Service,<br>　　Agency. | ) EEOC No. 100-2005-00209X<br>) Agency No. 4K-200-0166-02<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Date: |

## DESIGNATION OF REPRESENTATIVE

### OPTION A: ELECTION TO PROCEED WITH A REPRESENTATIVE

I hereby designate the following individual as the representative for the __ COMPLAINANT or __ AGENCY in the above-referenced EEOC case:

Name of Representative　　　　　Telephone No.　　　Facsimile No.

Address: _____

_____

E-mail Address: _____

### OPTION B: ELECTION TO PROCEED WITHOUT A REPRESENTATIVE

I, _____, will proceed without a representative in the above-referenced EEOC case. I understand that I must notify the Administrative Judge and the agency immediately if I obtain representation at a later date.

_____
Signature of Party　　　　　　　　　　Date

Complainant, please also provide your current address, telephone number, fax number, and E-mail address:

_____

_____

E-mail Address: _____



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1801 L Street, N.W., Suite 100
Washington, D.C. 20705-1002
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0740 & 0739

## WASHINGTON FIELD OFFICE HEARING PROCEDURES

The Washington Field Office (WFO) hereby issues the following information on its federal sector hearings process and clarification of litigation requirements in order to emphasize customer service and to promote expedient case processing. Any questions regarding the information and requirements contained in this document may be referred to the WFO Hearings Clerk at (202) 275-6635 or (202) 275-2482.

### Assignment to Administrative Judge and Issuance of Acknowledgment and Order

Upon receiving a hearing request and the report of investigation, the WFO will issue an *Acknowledgment and Order*, which will inform the parties as to the assignment of the specific Administrative Judge responsible for processing the particular complaint. The *Acknowledgment and Order* also contains detailed requirements pertaining to the adjudication process, including the specification of deadlines and filing procedures. The parties are responsible for carefully reading the *Acknowledgment and Order* and complying with its requirements as well as any additional requirements or clarifications set forth in this document. **Complainants must be prepared to prosecute their cases properly and in a timely way whether or not they are represented by counsel.** Also, the parties are required to follow the orders of the Administrative Judge and may be sanctioned for non-compliance, as specified in more detail in the *Acknowledgment and Order*.

### Requirements on Correspondence and Communications

All motions, correspondence, and communications to the Administrative Judge shall conform to the following requirements, unless otherwise permitted by the Administrative Judge:

1. The parties shall submit any motions, correspondence, and communications to the Administrative Judge in writing, with their contact information included (i.e., name, address, telephone number and fax number). Motions shall include a proposed order, granting the desired outcome sought by the party, for the signature of the Administrative Judge and include the names, addresses and fax numbers of all parties that should receive the order;

2. All correspondence (including motions and proposed orders) shall be typed, double-spaced, and use a reasonable font size (12 or higher);

3. Motions and correspondence shall not exceed 15 pages in length, while attachments or supporting documentation shall not exceed a reasonable page limit;

4. Faxed submissions (e.g., motion and attachments) shall not exceed a total of 20 pages in

length and <u>must be submitted before 5:00 p.m.</u> on the day the submission is due;

5.  Motions and correspondence shall indicate that a copy was also provided to the opposing party;

6.  <u>Parties shall not file multiple submissions</u> concerning the same matter (e.g., motions for reconsideration, replies to response by opposing party, etc.), and multiple submissions will be stricken by the Administrative Judge; and

7.  <u>Parties are prohibited from engaging in</u> *ex parte* <u>communications</u> with the Administrative Judge (i.e., telephone call without the opposing party present or correspondence without a copy served on the opposing party) concerning the merits of the case.

## Discovery

The *Acknowledgment and Order* authorizes the parties to conduct discovery – a formal process whereby the parties seek pertinent information from the opposing party in preparation for litigation. The parties are responsible for carefully reading the *Acknowledgment and Order*, which sets forth the discovery process and the types of discovery requests available to the parties. The parties are notified that <u>Privacy Act objections generally will not excuse the parties</u> from responding to a discovery request since a routine use exception may be applicable.

Importantly, the <u>parties are required to initiate discovery within 20 days</u> of receipt of the *Acknowledgment and Order*, <u>by serving the opposing party with all requests for written discovery</u>. As long as the parties have timely initiated discovery, the parties may follow up with notices of depositions even after the initial 20-day period has elapsed. <u>Furthermore, the parties are required to notice all depositions by no later than 30 days from the deadline for completion of all discovery.</u>

## Amendment of Complaints

The Complainant may file a request to amend his/her complaint to include like-or-related issues; however, such a request must be filed before the end of the discovery period.

## Settlement Conferences

The WFO may decide to schedule a settlement conference in a particular case in order to assist the parties in resolving the case informally without further litigation. Settlement conferences are conducted by a Settlement Judge who can more readily facilitate candid settlement discussions with the parties because the Settlement Judge will not adjudicate the case. The Settlement Judge also will maintain the confidentiality of any information provided by a party in the context of settlement discussions and will not share this information with the opposing party or with the adjudicating Administrative Judge absent the consent of the party. In addition to the possibility of a settlement conference, the adjudicating Administrative Judge may also engage the parties in settlement discussions during other stages of the complaint processing.

## Decisions without Hearings

In many instances, the assigned Administrative Judge may issue a decision without a hearing, also known as summary judgment, after the parties have had an opportunity to submit a response and supporting evidence. The parties are expected to carefully read the section in the *Acknowledgment and Order* which details procedures concerning decisions without hearings.

## Prehearing Matters

The assigned Administrative Judge has broad authority to determine how the case will proceed, including whether a hearing is necessary, the scope of the hearing if one is held, and what evidence, including witness testimony, is required to decide the case. Proceedings may vary depending on the administrative judge's assessment of what is appropriate in the particular case.

## Hearings and Decisions After Hearing

The Administrative Judge presides over the hearing, which follows the format of a court trial. The Administrative Judge will require each party to succinctly present its case by producing relevant evidence through sworn witness testimony during oral examination and by documentary exhibits. The Administrative Judge has broad authority to control the hearing and may : request opening or closing statements; limit or compel testimony; admit or exclude exhibits; exclude any person who is disruptive; require the parties to submit closing briefs or proposed findings of fact and law after the hearing; issue a decision from the bench; or issue a written decision after receipt of the hearing transcript. The Administrative Judge may also inform the parties in advance whether a hearing will be bifurcated to entertain evidence separately on the liability and on relief.

## Objections to Administrative Judge's Actions

Parties should expect that Administrative Judges will process cases fairly, impartially, and pursuant to appropriate legal authority. If a party believes that the assigned Administrative Judge has erred in a legal ruling or decision, the party may properly raise its disagreement through an appeal of the Final Agency Action issued after the Administrative Judge has decided the case. *See* 29 C.F.R. § 1614.401 (2003). The WFO generally will not review discretionary matters within the Administrative Judge's proper authority.

Only in a situation where the parties believe that the assigned Administrative Judge has engaged in improper conduct or a violation of ethics, may the parties seek review by the WFO of an action by the Administrative Judge. The parties shall immediately raise such concerns in writing to the attention of "Supervisory Administrative Judge" at the address or fax number listed in the letterhead of this document. Subsequently, a Supervisory Administrative Judge may review the matter and appropriately respond to the parties.

| MA008455 | Litigation Work Items | 04/08/2005 |
|---|---|---|

**Work Item** MA008455
**Date Received/Filed** 01/05/2005
**Caption (Plaintiff)** ZEIGLER, JAMES E
**(Defendant)** PMG
**Jurisdiction** USAD EEOC
**Type of Case** LABOR & EMPLOYMENT – EEO – REHABILITATION/DISABILITY ACT

**Status** OPEN
**Office** MAG MID-ATLANTIC

**Docket Number** 100-2005-00209X
**EEO Case No.** 4K200016602
**Role** Pri

**Assigned Employee** LUXEMBURG , RICHARD

*4/8/05*
*Rich,*
*New AO.*
*I've added to*
*your active*
*cases count.*

*Best,*
*Rich*
*X 6843*

**Client Organization** CMDT CAPITAL . CAPITAL DISTRICT OFFICE
**Client (Last)** MCDOW
**Facility**
**Adverse Party (Last)**
**Adverse Party Phone #**

**Client (First)** RHONDA   **(Middle)**
**Adverse Party (First)**   **(Middle)**

**1st ADR Use** -
**1st ADR Date**
**1st ADR Outcome**

**2nd ADR use** -
**2nd ADR Date**
**2nd ADR Outcome**

**1st Date of Evaluation**
**Dispositive Motion Filed**
**Client Notified within 45 days**
**Date of Disposition**
**NLRB Action**

**Trial**
**Motion Granted**
**Due Date**
**Manner of Disposition**
**Date of NLRB Action**

**Monetary Liability** $0.00
**Non-Monetary**
**$ Relief Paid** $0.00
**Attorney Fees & Costs** $0.00
**Non $ Relief Given**

**Monetary Remedy** $0.00
**Non-Monetary Remedy**
**$ Relief Obtained** $0.00
**Attorney Fees & Costs** $0.00
**Non $ Relief Obtained**

**Description** mental disability & retaliation - denied reason accom
**Comments** transmittal recd12/04; awaiting AO
AO recd 4/6/05



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Washington Field Office

1801 L Street, N.W., Suite 100
Washington, D.C. 20507
(202) 419-0700
TTY (202)419-0702
FAX (202) 419-0740, 0730 & 0701

## *Facsimile Transmittal Sheet*

*Deliver to:*

Name      David Stanton

Office     U.S. Postal Service
           202-314-6820

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Sender:*

       *Tanya Stanfield*

Name   _____

       *(202) 419-0719*

Number _____

*Pages Sent:* ____9____ + *Cover Sheet*

*Date:*   April 6, 05

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Comments/Remarks*

| U.S. Postal Service<br>**EEO Dispute Resolution Specialist's (DRS) Inquiry Report** | Case No.<br>**4-K-200-0166-02** |
|---|---|

**NOTICE OF RESTRICTED USAGE**

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

**Complainant**

| Name (Last, First, MI)<br>**ZEIGLER, JAMES E.** | Social Security No.<br>**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** |
|---|---|

| Home Address (No., Street, City, State, ZIP + 4)<br>**14310 BLACKMON DRIVE**<br>**ROCKVILLE, MD., 20853-2142** | Work Address (Facility Name, No., Street, City, State, ZIP + 4)<br>**WASHINGTON, D.C. POST OFFICE**<br>**900 BRENTWOOD RD., N.E.**<br>**WASHINGTON, D.C., 20066-9998** |
|---|---|

| Home Telephone No.<br>**(301) 871-5572** | Email Address<br>**zeiglerje@aol.com** | Office Telephone No.<br>**(301) 871-5572** |
|---|---|---|

| Position Title<br>**SUPERVISOR, CUSTOMER SERVICE** | Grade Level<br>**EAS-16** | Tour<br>**2** | Duty Hours<br>**non-duty** |
|---|---|---|---|

| Off Days (For Tour I, record of nights)<br>- - - | Is EEO Poster 72 on display in Complainant's facility?<br>☐ Yes, verified on date ___ ☐ No |
|---|---|

| Preference Eligible<br>☐ Yes ☒ No | Mixed Case<br>☐ Yes ☒ No | MSPB Appeal Filed?<br>☐ Yes ☒ No If Yes, Date Filed: |
|---|---|---|

**Chronology of Informal Process**

| Date of Incident<br>**see "claims" below** | Date of Initial Contact with EEO Office<br>**04/02/2002** | Date of Initial Interview<br>**08/20/2002** |
|---|---|---|

| REDRESS™ Overview<br>☐ Yes ☒ No | ADR Election Form Signed<br>☐ Yes ☒ No | 60 Day Extension Form Signed<br>☐ Yes ☒ No If Yes, Expiration Date: |
|---|---|---|

| Date Complainant Signed or Received Notice of<br>Right to File **09/09/2002** | Date DRS Report Requested<br>**09/24/2002** | Date DRS Report Submitted<br>**10/01/2002** |
|---|---|---|

**Basis for Alleged Discrimination**

Check and Particularize Each that Applies

| ☐ 1. Race (Specify): | ☐ 6. Age (Specify Date of Birth): |
|---|---|
| ☐ 2. Color (Specify): | ☐ 7. Physical Disability (Specify): |
| ☐ 3. Religion (Specify): | ☒ 8. Mental Disability (Specify): **PTSD/major depressio** |
| ☐ 4. Sex (Specify): | ☒ 9. Retaliation (Specify Cited Prior EEO Activity):<br>**2C000027488 (6-88)** |
| ☐ 5. National Origin (Specify): | |

Discrimination Claim(s): **The counselee allege that he was discriminated against based on his mental disability (Post Traumatic Stress Disorder/Major Depression) and retaliation for his prior EEO activity when (1) on March 25, 2002, he received a denial of his request for reasonable accommodation; and (2) from December 14, 2001, he did not receive the FY 2001 EVA Pay for Performance payout.**

EEO COMPLIANCE AND APPEALS
U. S. POSTAL SERVICE

OC  03 2002

PROCESSING CENTER
CAPITAL METRO OPERATIONS

Requested Resolution
**The counselee seeks injunctive relief; back pay with interest; compensatory damages; punitive damages.**



Counselor's Report
Page 1 of 32

PS Form **2570**, June 2001 (Page 1 of 3)

U.S. Postal Service
## EEO Dispute Resolution Specialist's (DRS) Inquiry Report

| Case No. |
| 4K2000165-03 |

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is restricted by both the Freedom of Information Act and the Privacy Act to: (1) the complainant and his or her representative, and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

### Complainant

Name (Last, First, MI)
**ZEIGLER, JAMES**

Social Security No.
**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**

Home Address (No., Street, City, State, ZIP + 4)
**14310 BLOCKMAN DRIVE**
**ROCKVILLE, MD  20853**

Work Address (Facility Name, No., Street, City, State, ZIP + 4)
**COLUMBIA HEIGHTS POST OFFICE**
**WASHINGTON, DC**

Home Telephone No.
**(301) 871-5572**

Email Address

Office Telephone No.
( )

| Position Title **SUPV. CUST. SERVICES** | Grade Level **EAS-17** | Tour **2** | Duty Hours **8-5PM** |

Off Days (For Tour I, record of nights)
**SAT/SUN**

Is EEO Poster 72 on display in Complainant's facility?
☒ Yes, verified on date _____    ☐ No

| Preference Eligible ☐ Yes  ☒ No | Mixed Case ☐ Yes  ☒ No | MSPB Appeal Filed? ☐ Yes  ☒ No  If Yes, Date Filed: |

### Chronology of Informal Process

| Date of Incident **04/01/2003** | Date of Initial Contact with EEO Office **04/09/2003** | Date of Initial Interview **04/28/2003** |

| REDRESS™ Overview ☒ Yes  ☐ No | ADR Election Form Signed ☐ Yes  ☒ No | 60 Day Extension Form Signed ☐ Yes  ☐ No  If Yes, Expiration Date: |

| Date Complainant Signed or Received Notice of Right to File  **07/19/2003** | Date DRS Report Requested | Date DRS Report Submitted **08/12/2003** |

### Basis for Alleged Discrimination

Check and Particularize Each that Applies

☐ 1. Race (Specify):

☐ 2. Color (Specify):

☐ 3. Religion (Specify):

☐ 4. Sex (Specify):

☐ 5. National Origin (Specify):

☐ 6. Age (Specify Date of Birth):

☒ 7. Physical Disability (Specify): **STRESS**

☐ 8. Mental Disability (Specify):

☒ 9. Retaliation (Specify Cited Prior EEO Activity):
**PRIOR EEO COMPLANTS**

Discrimination Claim(s): **COUNSELEE CLAIMS DISCRIMINATION BASED ON HIS PHYSICAL DISABILITY AND PRIOR EEO COMPLAINTS, WHEN ON UNSPECIFIED DATES, HE WAS ISSUED DISCIPLINE AND MANAGEMENT REFUSED TO ACCEPT HIS MEDICAL DOCUMENTATION.**

TO COMPLIANCE AND APPEAL
U.S. POSTAL SERVICE

AUG 14 2003

PROCESSING CENTER
CAPITAL METRO OPERATIONS

Counselor's Report
Page 12 of 32

Requested Resolution
**COUNSELEE SEEKS BACK PAY, PUNITIVE & COMPENSATORY DAMAGES, ALONG WITH INJUNCTIVE RELIEF.**

PS Form **2570**, June 2001 (Page 1 of 3)

JAMES ZEIGLER                                        AGENCY CASE NO. 4K-200-0166-02

## INVESTIGATIVE SUMMARY

**Statement of Claims and Issues to be Investigated:**  Complainant James Zeigler alleges he was discriminated against based on his mental disability (PTSD/Major Depression) and retaliation (Prior EEO activity) when on March 25, 2002 his request for a reasonable accommodation was denied.  Complainant requests pecuniary and non-pecuniary damages relief, payment for leave used and back pay, compensatory and punitive damages.

### Affidavit Testimony (Mental Disability Allegation)

Complainant James Zeigler, a Customer Service Finance Supervisor at the Columbia Heights Postal Facility in Washington, DC alleges he was discriminated against based on his mental disability (PTSD/Major Depression) and retaliation (Prior EEO activity) when on March 25, 2002 his request for a reasonable accommodation was denied.  The Complainant stated that he has post-traumatic stress disorder, major depression, social phobias and secondary wounding.  The Complainant stated that his disability is permanent and he has not worked since February 2000.  The Complainant then referenced documents included at Exhibits 2-5 in this report.  Complainant stated that his request for Reasonable accommodation was denied on March 25, 2002 and he did not meet with the Reasonable Accommodation Committee.  Complainant also stated that he was given no explanation about why his claim was denied and USPS Management lied about meeting with him regarding his request for accommodation.  Complainant stated that other employees within the Capitol Metro area who are disabled are accommodated in their existing facilities, receive job restructuring and modified training.  Complainant stated he believed his disability was a factor in the denial of his request because USPS officials were aware of his disability, which was documented as far back as March of 2000 but they failed to accommodate him in error because he had an existing OWCP claim that had not been adjudicated yet, as well as claims with Social Security and the Veterans Administration.  Complainant further stated that the management officials at the Brentwood Post Office were aware that he is a Schedule A employee and a Vietnam Era Disabled veteran but management chose to discriminate against him because of his disability and previous EEO activity.  [Affidavit A]

*[Investigator's Note:  The Complainant was asked to provide testimony regarding his disability and how it prevented him from performing the essential functions of his job. [Affidavit A, Question 4]   The Complaint failed to fully respond to this question. ]*

Christine Dailey, Manager Personnel Services and Reasonable Accommodations Committee at the Brentwood Postal Facility in Washington, DC at the time of the complaint, provided an affidavit in response to the allegations.  Ms. Dailey stated that the Complainant's request for a reasonable accommodation was denied in a letter dated March 15, 2002.  Ms. Dailey also stated that the Complainant failed to provide medical documentation to substantiate his mental disability.  Ms. Dailey further stated that the only documentation received by the committee was a letter dated September 27, 2001, which stated that his impairment [had] no significant impact on his major life activities,

