UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES E. ZEIGLER )<br>)<br>Plaintiff, )<br>v. )<br>)<br>JOHN E. POTTER, )<br>POSTMASTER GENERAL, )<br>U.S. POSTAL SERVICE )<br>)<br>Defendant. )<br>) | Case No: 06-1385 (RMC) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant, John E. Potter, Postmaster General, U.S. Postal Service ("USPS" or "Post Office"), respectfully submits this reply in support of its motion to dismiss, or in the alternative, for summary judgment ("MTD/SMJ"). Plaintiff brings suit under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 791, et. seq., and alleges three causes of action: 1) failure to accommodate; 2) disability harassment; and 3) retaliation.

**ARGUMENT**

I.   Plaintiff failed to exhaust his administrative remedies for most of his claims.

First, it should be noted that Plaintiff does not dispute Defendant's argument that Plaintiff did not exhaust all nine alleged incidents that constitute his retaliation cause of action. Nor does Plaintiff dispute Defendant's argument that Plaintiff did not exhaust five of the alleged incidents that constitute his failure to accommodate cause of action in the complaint. Finally, Plaintiff does not dispute Defendant's argument that Plaintiff did not exhaust eight out of nine of the alleged incidents that constitute his disability harassment cause of action. See Opp. at 13-15; MTD/SMJ at 6-9. Plaintiff's only exhausted claim is that Defendant allegedly discriminated

against him by denying accommodation in March '02 without justification.  See Exhibit E, ROI Pleadings, Tab 15, April 26, 2006 Administrative Judge Decision.

Instead, Plaintiff argues that alleged incidents such as the Defendant's failure to engage in a good faith interactive process, failure to consider all of his medical documentation, and unreasonable delay in responding to his request for accommodation, are not single discriminatory acts occurring on specific days for which Mr. Zeigler could have even filed separate claims within specific statutory time limits.  Plaintiff argues that these alleged incidents "are simply factual allegations tending to support Mr. Zeigler's failure to accommodate claim for which a fact finder may assess and properly draw inference from." Opp. at 14.[1]  Thus, Plaintiff, in effect, concedes that the only exhausted claim is that Defendant allegedly discriminated against him by denying accommodation in March '02 without justification.  See Exhibit E, ROI Pleadings, Tab 15, April 26, 2006 Administrative Judge Decision.  Opp. at 13-15.

II.    Plaintiff is not an individual with a disability

Plaintiff contends that he was an individual with a disability under the Rehabilitation Act because, according to him, Post Traumatic Stress Disorder and Major Depression are blanketly recognized as mental impairment under the Rehabilitation Act and the ADA.  Opp. at 17. However, the determination of whether an individual is an individual with a disability as defined by the Rehabilitation Act hinges upon the effect which his impairment has on his life, rather than

---

[1] Although Plaintiff states that these allegations and factual issues were raised and discussed at the administrative level, this does not cure his failure to exhaust administrative remedies for these allegations.  Opp. at p. 14.  The only issue before the EEOC administrative judge during the administrative hearing process was whether the Agency failed to accommodate Plaintiff when it denied him reasonable accommodation in March 2002.  See MTD/SMJ at 7. Plaintiff did not appeal the absence of any claim from his administrative complaint during the administrative hearing process.  See MTD/SMJ at p. 7.

on the name of the physical or mental impairment.  See 29 U.S.C. § 705(20)(B); Toyota v. Williams, 122 S.Ct., 681, 691-692 (2002) ("[A] plaintiff must prove a disability by offering evidence that the extent of the limitation [caused by the impairment] in terms of their own experience is substantial").  Under the Rehabilitation Act, an individual with a disability is a person who has "a physical or mental impairment which substantially limits one or more of such person's major life activities."  29 U.S.C. § 705(20)(B).

At the time Plaintiff actually requested a reasonable accommodation in 2001, he was not an individual with a disability.  See Opp. at 19.  The pertinent information provided to Defendant from Plaintiff's own doctor concerning Plaintiff's request for reasonable accommodation stated that Mr. Zeigler's current impairment had no significant impact on his major life activities. MTD/SMJ Exhibit A.  Because Plaintiff's impairment had no significant impact on his major life activities, Plaintiff did not meet the standard for a qualified disabled person.

To the extent that Plaintiff claims that he was an individual with a disability *prior* to his request for reasonable accommodation in 2001, Plaintiff was not entitled to a reasonable accommodation between February 2000 and August 2001. First, Plaintiff never requested a reasonable accommodation between February 2000 and August 2001.  Second, Plaintiff did not meet the definition of an individual with a disability in order to be entitled to a reasonable accommodation.[2]  Plaintiff and Plaintiff's own doctor acknowledged that Plaintiff while on leave

---

[2] Plaintiff argues in his Opposition that at no time did the Defendant assert that Plaintiff's continued leave presented an undue hardship. Opp. at 19.  Plaintiff is attempting to characterize his use of leave between February 2000 and August 2001 as if it were a reasonable accommodation.  However, Plaintiff never requested a reasonable accommodation between February 2000 and August 2001 so Defendant does not have to establish that the leave Plaintiff took during this period was an undue hardship.

from February 2000 through August 2001was **totally disabled** from work. Opp., Exhibit E & G. The Rehabilitation Act defines a "qualified individual with a disability" as an individual with a disability who satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires, and who, with or without reasonable accommodation can perform the essential functions of such position. 29 C.F.R. §1630.2 m. Plaintiff was not a qualified individual with a disability between February 2000 and August 2001 because he was totally disabled from work and, thus, could not perform the essential functions of his position with or without accomodation.

III.    Plaintiff properly requested medical documentation from Plaintiff

Plaintiff argues in his Opposition that Defendant improperly requested medical information to prove that he was disabled because Defendant already had sufficient medical documentation which established that Plaintiff had a substantially limiting mental disability. Opp. at 24. However, the EEOC Enforcement Guidance states that when the disability and/or the need for accommodation is not obvious, the employer may ask the individual for reasonable documentation about his/her disability and functional limitations. In requesting documentation, employers should specify what types of information they are seeking regarding the disability, its functional limitations, and the need for reasonable accommodation. See EEOC Enforcement Guidance Questions 6 and 8.

The request for medical documentation was reasonable in light of the fact that between February 2000 and August 2001, Plaintiff was totally disabled. See Opp., Exhibit E & G. Therefore, by the time of his request for reasonable accommodation in September 2001, Defendant had no information concerning whether and to what extent Plaintiff's impairment

4

substantially limited one or more major life activities in order to determine whether Plaintiff at that time met the definition of an individual with a disability.

Letters from Plaintiff's doctors in August and September 2001 contained insufficient information as to whether Plaintiff was an individual with a disability because they did not provide any information as to the impairment's severity (i.e., whether it substantially limits a major life activity). See Opp., Exhibit E & G.  Furthermore, the letters did not identify precisely what problem existed in the workplace that required the reasonable accommodation requested. See Opp., Exhibit E & G.  An employer may ask an employee for documentation when he requests a reasonable accommodation because the employer is entitled to know that an employee has a covered disability that requires a reasonable accommodation. See EEOC Enforcement Guidance, Disability Related Inquiries and Medical Examinations of Employees under the American with Disabilities Act, questions 6 and 7.  Thus, it was consistent with business necessity and in conformity with EEOC guidance for Defendant to ask the Plaintiff for reasonable documentation about his disability and its functional limitations that required reasonable accommodation.

IV.  Because Plaintiff failed to establish that he was an individual with a disability, Plaintiff's claim that Plaintiff did not engage in an interactive process must be dismissed.

Plaintiff argues in his Opposition that Defendant "utterly failed to engage in any kind of meaningful good faith interactive process" after he requested reasonable accommodation.  Opp. at 24.  "However, an employee cannot base a reasonable accommodation claim solely on the allegation that the employer failed to engage in an interactive process."  Walter v. United Airlines, 2000 WL 1587489, *4 (4th Cir. 2000); Rehling v. City of Chicago, 207 F.3d 1009, 1016 (7th Cir. 2000).  Plaintiff must be an individual with a disability in order to be entitled to a

5

reasonable accommodation.  <u>Brown v. Snow,</u> 407 F. Supp.2d 61, 67.   Plaintiff cannot make out a *prima facie* case, because he has not alleged a disability within the meaning of the Act, as discussed above.  Therefore, his claims that Plaintiff failed to reasonably accommodate him, as well as to engage in an interactive process, must be dismissed.

## CONCLUSION

Based upon the foregoing, Defendant respectfully requests that Plaintiff's complaint be dismissed with prejudice or, in the alternative, summary judgment be granted in Defendant's favor.

December 18, 2006                              Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE FOR SUMMARY JUDGMENT was filed via the Court's electronic filing system on this December 18, 2006 and is expected to be served by the Court's electronic transmission facilities on:

Patricia Koh, Esq.
Law Offices of Koh & Koh
3 Leonard Court
Rockville, MD 20850
(301) 424-8757 Phone
(301) 762-9324 Fax

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  #483789
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153