UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
JAMES E. ZEIGLER                         )
                                         )
                    Plaintiff,           )
          v.                             )        Case No: 06-1385 (RMC)
                                         )
JOHN E. POTTER,                          )
POSTMASTER GENERAL,                      )
U.S. POSTAL SERVICE                      )
                                         )
                    Defendant.           )
_____)

ANSWER

Defendant John E. Potter, Postmaster General, U.S. Postal Service, by and through his

undersigned counsel, hereby answers Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted under the

Rehabilitation Act of 1973.

SECOND DEFENSE

Plaintiff's administrative claims or portions thereof regarding the matters alleged in the

complaint were untimely filed with the Agency.

THIRD DEFENSE

In response to the individual numbered paragraphs of the Complaint, Defendant denies

generally all averments except as expressly admitted below:

1.      This paragraph consists of plaintiff's characterization of this action and does not require

        an answer, but to the extent that an answer may be deemed required, Defendant denies

        the allegations in this paragraph.

2.      The Defendant can neither admit nor deny the allegation in this paragraph due to insufficient information.

3.      The Defendant admits that John E. Potter is the Postmaster General of the U.S. Postal Service and avers that the United States Postal Service is an independent establishment of the executive branch of the Government of the United States within the meaning of Title 39 United States Code § 203.

4.      The Defendant admits that the Plaintiff was its employee since April 1982 but denies the remainder of the allegations in this paragraph.

5.      This paragraph consists of Plaintiff's allegations regarding jurisdiction, which do not require answers.  Defendant denies that any acts of discrimination or retaliation occurred.

6.      This paragraph consists of Plaintiff's allegations regarding jurisdiction, which do not require answers.

7.      This paragraph consists of Plaintiff's allegations regarding venue, which do not require answers.

8.      Defendant denies the allegations in this paragraph.

9.      The Defendant admits that the Plaintiff was hired as a mail handler in 1982.  The Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

10.     Defendant admits the allegations in this paragraph.

11.     Defendant denies the allegations in this paragraph.

12.     Defendant denies the allegations in this paragraph.

13.     Defendant can neither admit nor deny whether the Plaintiff made a report of any alleged

incident or what such a report entailed due to insufficient information.

14.   The Defendant can neither admit nor deny the allegation in this paragraph due to insufficient information.

15.   The Defendant can neither admit nor deny the allegation in this paragraph due to insufficient information.

16.   The Defendant admits that it has a "zero tolerance" policy on workplace violence. The Defendant denies that Mr. Mack warned the Plaintiff that going forward with his complaint would jeopardize his career. The Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

17.   The Defendant can neither admit nor deny the allegation in this paragraph due to insufficient information.

18.   The Defendant can neither admit nor deny the allegation in this paragraph due to insufficient information.

19.   The Defendant can neither admit nor deny the allegation in this paragraph due to insufficient information. The Defendant at the present time has no record of a September 1998 letter from Dr. Weisel and the Defendant records indicate that Plaintiff was on absent from work on AWOL during this time.

20.   The Defendant can neither admit nor deny the allegation in this paragraph due to insufficient information.

21.   The Defendant admits that the Plaintiff was absent from work on February 9, 2000. The Defendant can neither admit nor deny the remainder of the allegations in this paragraph due to insufficient information.

-3-

22.     The defendant admits that on February 23, 2000, the Plaintiff faxed a letter to Rodney
        Payne and other managers.  The Defendant can neither admit nor deny that a medical
        request form and medical documentation accompanied the letter due to insufficient
        information.  The Defendant at the present time has no record of any attachments to the
        February 23, 2000 letter.

23.     The Defendant can neither admit nor deny the allegation in this paragraph due to
        insufficient information.

24.     The Defendant denies the allegations in this paragraph.

25.     The Defendant admits the allegations in this paragraph.

26.     The Defendant admits that Plaintiff filed a Notice of Occupational Disease in March
        2000 alleging mental injury due to work factors in the performance of his employment.

27.     The Defendant can neither admit nor deny the allegation in this paragraph due to
        insufficient information.  The Defendant at the present time has no record of a May 24,
        2000 letter from John Cordell to the Plaintiff.

28.     The Defendant can neither admit nor deny the allegation in this paragraph due to
        insufficient information.  The Defendant at the present time has no record of a June 2000
        letter from Robert J. Paiva to the Plaintiff.

29.     The Defendant admits that Dr. Suchahevin sent a letter to Dr. Thomas Lawford and Doris
        Saunders the Postal Service Health Unit but deny that the letter informed them that leave
        was due to Plaintiff's major depression.

30.     The Defendant admits the allegations in this paragraph.

31.     The Defendant admits the allegations in this paragraph.

32.     The Defendant admits the allegations in this paragraph.

33.     The Defendant admits that on or about in early November of 2000 Plaintiff's
psychologist, Dr. Jayson, sent a letter to Dr. Thomas Lawford and Doris Saunders.
Defendant denies that Dr. Jayson described a long history of depression or "recurrent"
PSTD or symptoms and avers that the letter should be referred to for a complete and
accurate statement of its contents.

34.     The Defendant admits the allegations in this paragraph.

35.     The Defendant admits that Kathleen Ely sent a memorandum dated December 5, 2000 to
Delores Killette.  The Defendant can neither admit nor deny the remainder of the
allegations in this paragraph due to insufficient information.

36.     The Defendant admits that Diane Dade sent a letter to the Plaintiff inquiring about the
Plaintiff's completion of a disability retirement package.  The Defendant can neither
admit nor deny that the Plaintiff responded back in writing due to insufficient
information.

37.     The Defendant can neither admit nor deny the allegation in this paragraph due to
insufficient information.

38.     The Defendant admits the allegations in this paragraph.

39.     The Defendant admits the allegations in this paragraph.

40.     The Defendant admits the allegations in this paragraph.

41.     The Defendant admits the allegations in this paragraph.

42.     The Defendant admits that Christine Dailey, Reasonable Accommodation Committee
member, sent the Plaintiff a letter requesting additional medical information "[b]efore we

can render a decision in your case."  The Defendant can neither admit nor deny that the

letter was dated August 27, 2001 but was not mailed by the USPS until nearly thirty days

later due to insufficient information.

43.     The Defendant admits that Dr. Jayson sent Christine Dailey a letter dated September 27,

2001 but the did not indicate there was an enclosure and there is no medical restrictions

form in the Defendant's files; therefore, Defendant is without sufficient information to

form a belief as to the truth of the remainder of the allegations in this paragraph.

44.     The Defendant admits that the Defendant did not respond to Plaintiff's request for

accommodation for nearly six months and that the Plaintiff wrote to several

Congresspersons.  The Defendant can neither admit nor deny the remainder of the

allegations in this paragraph due to insufficient information.

45.     The Defendant denies the allegations in this paragraph.

46.     The Defendant admits the allegations in this paragraph.

47.     The Defendant admits that the Plaintiff received a letter from Defendant informing him

that he would be sent a payment, and that the check would be dated back to December,

and that it would be sent to his work location.  The Defendant's records indicate that a

check was released to the postmaster on 03/29/2002. The check was canceled on

09/26/2002.  The Defendant can neither admit nor deny the allegations that his check was

withheld and not sent due to insufficient information.

48.     The Defendant admits the allegations in this paragraph.

49.     The Defendant admits the allegations in this paragraph.

50.     The Defendant can neither admit nor deny the allegation in this paragraph due to

insufficient information.

51.    The Defendant admits the allegations in this paragraph.

52.    The Defendant can neither admit nor deny the allegation in this paragraph due to

insufficient information.

53.    The Defendant admits the allegations in this paragraph.

54.    The Defendant admits that on October 3, 2002, the US Dept. of Labor's OWCP Branch of

Hearings and Review issued a decision setting aside the November 2001 denial of Mr.

Zeigler's OWCP claim, and remanding the case for further factual development.  The

Defendant avers that the decision should be referred to for a complete and accurate

statement of its contents.

55.    The Defendant can neither admit nor deny the allegation in this paragraph due to

insufficient information.  The Defendant at the present time has no record of a response

to OWCP.

56.    The Defendant admits that on February 14**,** 2003, the OWCP issued a denial of Mr.

Zeigler's claim.

57.    The Defendant admits that Rodney Payne sent a letter to Plaintiff dated February 19,

2003 and denies the  remainder of the allegation in this paragraph.

58.    The Defendant admits the allegations in this paragraph.

59.    The Defendant can neither admit nor deny the allegation in this paragraph due to

insufficient information.  The Defendant at the present time has no record of medical

documentation from Mr. Zeigler sent in March 2003.

60.    The Defendant admits the allegations in this paragraph.

61.     The Defendant admits the allegations in this paragraph.

62.     The Defendant admits that the Department of Labor rescinded the OWCP denial in November of 2003 and aver that that Defendant is without sufficient information to form a belief as to the truth of the remainder of the allegations in this paragraph

63.     The Defendant can neither admit nor deny the allegation in this paragraph due to insufficient information.  The Defendant at the present time has no record of responses to OWCP.

64.     The Defendant admits that on February 19, 2004, Plaintiff's OWCP claim for depression was accepted. The Defendant is without sufficient information to form a belief as to the truth of the remainder of the allegations in this paragraph.

65.     The Defendant can neither admit nor deny the allegation in this paragraph due to insufficient information.  The Defendant at the present time has no record of a March 2004 letter from Harry Thomas of OWCP.

66.     The Defendant denies the allegations in this paragraph.

FIRST CAUSE OF ACTION

67.     The Defendant incorporates by reference his answers for paragraphs 1-66 above.

68.     The Defendant denies the allegations in this paragraph.

69.     The Defendant denies the allegations in this paragraph.

70.     This paragraph consists of Plaintiff's conclusion of law and does not require an answer, but to the extent that an answer may be deemed required, Defendant denies the allegations in this paragraph.

71.     The Defendant denies the allegations in this paragraph.

72.    The Defendant denies the allegations in this paragraph.

73.    The Defendant denies the allegations in this paragraph.

74.    The Defendant denies the allegations in this paragraph.

75.    The Defendant admit that in or about March 2002, the USPS Reasonable

       Accommodation Committee (RAC) responded to Plaintiff's request for accommodation.

76.    The Defendant denies the allegations in this paragraph.

77.    The Defendant denies the allegations in this paragraph.

78.    The Defendant denies that the USPS was required to demonstrate that the Plaintiff's

       request would pose an undue hardship.

## SECOND CAUSE OF ACTION

79.    The Defendant incorporates by reference his answers for paragraphs 1-78 above.

80.    This paragraph consists of Plaintiff's conclusion of law and does not require an answer.

81.    The Defendant denies the allegations in this paragraph.

82.    The Defendant denies the allegations in this paragraph.

83.    The Defendant denies the allegations in this paragraph.

84.    The Defendant denies the allegations in this paragraph.

## THIRD CAUSE OF ACTION

85.    The Defendant incorporates by reference his answers for paragraphs 1-84 above.

86.    This paragraph consists of Plaintiff's conclusion of law and does not require an answer.

87.    The Defendant denies the allegations in this paragraph.

88.    The Defendant denies the allegations in this paragraph.

89.    The Defendant denies the allegations in this paragraph.

90.     The Defendant denies the allegations in this paragraph.

RELIEF REQUESTED

These paragraphs contain Plaintiff's requests for relief to which no answer is deemed necessary, but insofar as an answer is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested herein or to any relief whatsoever.  Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. § 1981a.

Dated: October 17, 2007            Respectfully submitted,


                         /s/_____
                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                         United States Attorney


                         /s/_____
                         RUDOLPH CONTRERAS, D.C. BAR # 434122
                         Assistant United States Attorney.


                         /s/_____
                         ANDREA McBARNETTE, D.C. Bar # 483789
                         Assistant United States Attorney Center Building
                         555 Fourth Street, N.W.
                         Washington, D.C. 20530
                         (202) 514-7153

Of Counsel:

Stephen W. Furgeson
Capital Metro Law Office
United States Postal Service
8200 Corporate Drive
Landover, Maryland 20785