UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES E. ZEIGLER ) | |
| ) | |
| Plaintiff, ) | |
| v.  ) | Case No: 06-1385 (RMC) |
| ) | |
| JOHN E. POTTER, ) | |
| POSTMASTER GENERAL, ) | |
| U.S. POSTAL SERVICE ) | |
| ) | |
| Defendant. ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

On September 6, 2007, the Court dismissed Plaintiff's claim of failure to accommodate and the Plaintiff has moved for reconsideration of that dismissal.  The Court found that according to the September 27, 2001 letter from Plaintiff's doctor, the Plaintiff did not qualify as disabled under the Rehabilitation Act.  Plaintiff's doctor stated that the Plaintiff's impairment had "no significant impact on his major life activities, such as caring for himself, performing manual tasks, walking, seeing , hearing, speaking, breathing, learning or working."  Mem Opin., p. 9-11 *citing* Pl.'s Opp., Ex. I-1.  Despite his doctor's assessment that he did not have a mental impairment that substantially limited one or more of his major life activities, the Plaintiff claims that he had a record of such impairment and that the Defendant perceived him to be disabled by having a substantial limitation on one or more of his major life activities.

**I.      Plaintiff Does Not State a Claim of Disability Discrimination**

The Rehabilitation Act defines an "individual with a disability" as "any person who-(I) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 7-5(20)(B)

A.  *Plaintiff's record of impairment does not show a substantial limitation of a major life activity*

A record of impairment means that a person "has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k). The record must be one that shows "an impairment that substantially limits one or more major life activities." Colwell v. Suffolk Cty. Police Dep't, 158 F.3d 635, 642 (2d Cir. 1998). Thompson v. Rice, 422 F. Supp. 2d 158, 175 (D.D.C 2006) ("Because plaintiff must show a record of impairment that *substantially limits one or more major life activities,* the Court concludes that, . . ., plaintiff cannot succeed in establishing her disability by this route.") (citations omitted); Kalekiristos v. CTF Hotel Management Corporation, 958 F. Supp. 641, 659 (D.D.C. 1997) (finding "fact that an individual has a record of being a disabled veteran, or of disability retirement, or is classified as disabled for other purposes does not guarantee that the individual will satisfy the definition of 'disability' under part 1630"; the record must demonstrate the individual is substantially limited in the performance of a major life activity). As the Court found, Plaintiff's record of impairment does not show such a limitation on a major life activity. Mem Opin., p. 10.

Plaintiff claims that Defendant relied on the following record of disability: he had taken medical leave for major depression and PSTD, which was demonstrated by severe interference with social, occupational and familial functions, nightmares, significant insomnia, poor concentration, social avoidance behavior and social isolation. See Pl's Motion, p.7. However, the foregoing lists symptoms from the Plaintiff's mental impairments and is not descriptive of any limitations on the Plaintiff's major life activities. On the other hand, Plaintiff's doctor, Dr. Jayson, clearly indicated that none of the Plaintiff's major life activities were affected by his

impairments.  See Exhibit 1 (Dr. Jayson's letter, dated September 27, 2001). Because Plaintiff has failed to show a record of impairment that *substantially limits one or more major life activities*, Plaintiff cannot succeed in establishing his disability by this route and there is no basis to disturb the Court's ruling.[1]

B.      *Defendant did not regard Plaintiff as having a disability*

An individual is "regarded as" disabled and meets the definition of a disability if his employer "mistakenly believe[s] that [the] person has a physical impairment that substantially limits one or more major life activities" or "mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities."  Sutton v. United Airlines, 527 U.S. 471, 489 (1999); see also Mack v. Strauss, 134 F. Supp.2d 103, 109 (D.D.C. 2001).

Plaintiff argues that by recognizing his medical incapacitation and recommending that he consider disability retirement, the Defendant "regarded" him as having a disability under the definition of "individual with a disability," 29 U.S.C. § 705(20)(B)(iii).  See Pl's Motion, p. 7. Defendant's admitted knowledge of Plaintiff's impairment does not establish that Defendant's employees perceived Plaintiff as disabled within the meaning of the Rehabilitation Act.  See

---

[1]  The Plaintiff seems to represent that sleeping is as a major life activity that was affected by his impairment.  However, Plaintiff has offered no evidence about the extent of his sleep troubles, citing only one note from a physician that he experienced "significant insomnia." See Pl's Motion, p. 7. "[B]ecause 'difficulty sleeping is extremely widespread,' most circuits that have addressed the issue of substantial impairment in the context of sleeping require evidence that the plaintiff's sleep disturbances are worse than the quality of sleep of the general population.  Thompson v. Rice, 422 F. Supp. 2d at 173; see Boerst v. General Mills Operations, Inc., 25 Fed. Appx. 403, 407 (6th Cir. 2002) (ability to get only 2-4 hours of sleep per night is not substantial limitation of major life activity under the Act).  Plaintiff did not provide the agency with evidence that his sleep disturbances are any worse than those suffered by many in the general population. Therefore, the Plaintiff has not sufficiently stated a claim that a major life activity was substantially impaired.

Haulbrook v. Michelin N. Am., 252 F.3d 696, 703 (4th Cir. 2001) (holding that an employer's awareness of an employee's impairment, without more, is insufficient to demonstrate that the employer regarded the employee as disabled); Kellogg v. Union Pac. R.R. Co., 233 F. 3d 1083, 1089 (8th Cir. 2000) (same); Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 153 (2d Cir. 1998) (same); Kelly v. Drexel Univ., 94 F.3d 102, 109 (3d Cir. 1996) (same); Simonson v. Trinity Reg'l Health Sys., 336 F.3d 706, 709 (8th Cir. 2003) (holding that an employer's awareness of "[Plaintiff's] past medical problems does not establish that it regarded her as disabled'); Benoit v. Technical Mfg. Corp., 331 F.ed 166, 176 (1st Cir. 2003) (holding that Plaintiff's complaint of back pains and request for "simple stands to assist with lifting" made to his employer were insufficient to establish that the employer regarded him as disabled because "he at no point indicated to [the employer] that he was disabled within the meaning of the ADA"); Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 798 (9th Cir. 2001) (holding that when an employer takes steps to accommodate an employee's restrictions, it is not thereby conceding that the employee is disabled under the ADA or that it regards the employee as disabled).

    Moreover, the objective evidence – such as Plaintiff's medical records, does not indicate that the Plaintiff had an impairment that substantially limited a major life activity.  As the Court noted, the September 27, 2001 letter from Plaintiff's doctor confirmed that the Plaintiff did not have an impairment that substantially limited a major life activity.  Mem Opin., p. 10.  The Plaintiff's own doctor stated in a letter regarding Plaintiff's condition that his "current impairment has no significant impact on his major life activities, such as caring for himself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working."

Ex. 1. Consequently, there is no basis for the Court to change its finding that the Plaintiff does not qualify as disabled.[2]

## CONCLUSION

Based upon the foregoing and for reasons addressed in the Defendant's motion for summary judgment and reply, the Court should uphold its dismissal of Plaintiff's claim for failure to accommodate.

October 19, 2007                                     Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney.

_____/s/_____
ANDREA McBARNETTE, D.C. Bar  # 483789
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

---

[2] To the extent that the Plaintiff includes his termination as part of his failure to accommodate claim, the Defendant notes that USPS terminated Plaintiff not just because he did not report to work but because he failed to respond to letters regarding his attendance and to give notice regarding his absences. See Ex. 2, Notice of Proposed Removal.