UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
JAMES E. ZEIGLER            )
                            )
        Plaintiff,          )
                            )
v.                          )   Case No: 06-1385 (RMC)
                            )
JOHN E. POTTER,             )
POSTMASTER GENERAL,         )
U.S. POSTAL SERVICE         )
                            )
        Defendant.          )
_____)

**JOINT RULE 16.3 REPORT**

Pursuant to Local Civil Rule 16.3(d), the parties report to the Court concerning the matters in Rule 16.3(c). The parties' proposals are set forth below in the same order in which the matters are listed in LCvR 16.3(c).

**A.    Statement of the case**

The Plaintiff alleges that he was retaliated against in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), after he appealed his removal in 2000 and filed a formal EEOC Complaint of disability and retaliation in 2002 and 2003. Defendant asserts that Plaintiff failed to state a claim upon which relief can be granted and failed to timely exhaust his administrative remedies.

**1.    Whether the case is likely to be disposed of by dispositive motion.**

Plaintiff does not believe that this case can be disposed of by motion. Defendant believes that all or part of this case can be disposed of by dispositive motion and intends to file a dispositive motion after discovery.

2. **The date by which any other parties shall be joined or the pleadings amended.**

   The parties do not anticipate joining any other parties.

   **Whether some or all of the factual and legal issues can be agreed upon or narrowed.**

   Whether some of the factual and legal issues can be agreed upon is unknown at this juncture.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

   The parties do not consent to assignment to a magistrate judge for purposes of discovery or trial.

4. **Whether there is a realistic possibility of settling the case.**

   The parties do not believe that there is a realistic possibility of settling the case at this stage.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

   The parties do not believe that mediation is appropriate at this time but will inform the Court if it appears that mediation would be useful.

6. **Whether the case can be resolved by summary judgment or motion to dismiss.**

   Plaintiff does not believe that this case can be disposed of by motion for summary judgment. Defendant believes that all or part of the case can be resolved by a dispositive motion.

>**Dates for filing dispositive motions and/or cross-motions, opposition, and replies.**
>
>The parties believe that dispositive motions should be filed subsequent to completion of discovery.
>
>**Dispositive motions**: 60 days after the close of discovery.
>
>**Oppositions**: 21 days after service of dispositive motion.
>
>**Replies**: 11 days after service of opposition.
>
>**Proposed date for a decision on the motions.**
>
>60 days after due date for replies, or as soon thereafter as is consistent with the Court's calendar.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1).**

   The parties do not agree to dispense with the Fed. R. Civ. P. Rule 26(a)(1) disclosures.

8. **How long discovery should take.**

   The parties expect that all discovery should be completed by June 14, 2008.

   **What limits should be placed on discovery (e.g., number of interrogatories, number of depositions, duration of depositions).**

   The parties agree to follow the Federal Rules of Civil Procedure in regards to the limits on discovery.

   **Whether a protective order is appropriate.**

   The parties will agree to a reasonable protective order that limits the use of personnel information to this litigation.

**A date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties propose that:

initial disclosures should be completed by February 4, 2008;

discovery requests should be completed by April 14, 2008;

Plaintiff's expert witness disclosures should be completed by April 14, 2008;

Defendant's expert witness disclosures should be completed by May 14, 2008; and

all discovery should be completed by June 14, 2008.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified.**

    No.

    **Whether and when depositions of experts should occur.**

    Depositions of experts should be completed by June 14, 2008

10. **In class actions, appropriate procedures.**

    N/A.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation?**

    The parties agree that neither trial nor discovery should be bifurcated.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    The parties propose that a date for a pretrial conference be set after the Court's decision on the dispositive motion if necessary.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties propose that the Court set a trial date at the pretrial conference.

14. **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties propose no other matters at this time.

Dated: November 28, 2007        Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
ANDREA McBARNETTE, D.C. Bar # 483789
Assistant United States Attorney Center Building
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7153

Counsel for Defendant


Patricia Koh, Esq. D.C. Bar # 12093
Debra Koh, Esq. , attorney Pro Hac Vice  MD#12261
Law Offices of Koh & Koh
3 Leonard Court
Rockville, MD 20850
(301) 424-8757

Counsel for the Plaintiff