UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JAMES E. ZEIGLER,           ) | |
|                             ) | |
|           Plaintiff,        ) | |
|                             ) | |
|     v.                      ) | Civil Action No. 06-1385 (RMC) |
|                             ) | |
| JOHN E. POTTER,             ) | |
| Postmaster General,         ) | |
| U.S. Postal Service,        ) | |
|                             ) | |
|           Defendant.        ) | |

### MEMORANDUM OPINION

Plaintiff James E. Zeigler has asked the Court to clarify and/or reconsider the reliance it placed on his therapist's September 21, 2001, letter to his employer, the United States Postal Service ("USPS"), in concluding that Mr. Zeigler was not "disabled" at that time within the meaning of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.* (2008). *See* Mem. Op. at 4-5 [Dkt. # 14].[1] The Court will grant in part and deny in part Plaintiff's Motion for Clarification and Reconsideration [Dkt. # 17].

### I. BACKGROUND

Mr. Zeigler is a Vietnam War-era veteran who suffers from service-connected Post Traumatic Stress Disorder ("PTSD") and depression.[2] He worked as a supervisor for the USPS for many years until an altercation with his manager, followed by a lengthy struggle with depression, caused him to take unpaid leave from work, from February 2000 until August 2001, when he was

---

[1] The Court's Memorandum Opinion is also available at 510 F. Supp. 2d 9 (D.D.C. 2007).

[2] The facts are not in dispute.

released to return to work in limited light-duty status by his therapist, Dr. Diane F. Jayson. Pl.'s Opp'n to Def.'s Mot. to Dismiss, Ex. E [Dkt. #8]. The Postmaster denied the request, which she deemed a request for temporary light duty, because it could not be accommodated. *Id.*, Ex. F. On August 30, 2001, Dr. Jayson wrote again, asking for his return to work "in a reasonable accommodation status." Compl. ¶ 40 [Dkt. #1]; Pl.'s Opp'n to Def.'s Mot. to Dismiss, Ex. G-1. At that point, the Reasonable Accommodation Committee at USPS forwarded a Medical Restrictions Assessment Form and asked for Mr. Zeigler's "physician's assessment of how the impairment impacts major life activities, i.e., caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." Compl. ¶ 42; Pl.'s Opp'n to Def.'s Mot. to Dismiss, Ex. H.

Dr. Jayson answered the letter from the Reasonable Accommodation Committee on September 27, 2001. On the Medical Restrictions Assessment Form she indicated that Mr. Zeigler suffers from PTSD and that it is permanent; that he could only work eight hours a day without overtime; and that other necessary restrictions included:

> No exposure to persons causing stressors. Be assigned to a work location where stressors did not occur. Be assigned to work in Montgomery county for at least 1 year. No more than 40 hours 8 AM to 4 PM Mon-Fri for at least 6 months. Work in areas of expertise, as per letter of 9/11/01.

*See* Compl. ¶ 43; Pl.'s Opp'n to Def.'s Mot. to Dismiss, Ex. I-2. In her cover letter, Dr. Jayson said she knew of no physical restrictions for Mr. Zeigler. She continued:

> Mr. Zeigler is diagnosed with Posttraumatic Stress Disorder. He also has suffered from a secondary diagnosis of Major Depression. However, he has made much progress in therapy and his depression has lifted to the point that there are virtually no current symptoms. Although some symptoms of Posttraumatic Stress Disorder still

> persist, they should not currently interfere with his job performance as long as he is assigned to a work location where the past stressors did not occur and as long as there is no exposure to the persons causing the stressors.
>
> Mr. Zeigler's current impairment has no significant impact on his major life activities, such as caring for himself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning or working.

Compl. ¶ 43; Pl.'s Opp'n to Def.'s Mot. to Dismiss, Ex. I-1. Receiving Dr. Jayson's letter, the Reasonable Accommodations Committee concluded that Mr. Zeigler was not "disabled" within the meaning of the Rehabilitation Act. In this lawsuit, Mr. Zeigler advanced three counts: he alleged that USPS discriminated against him and failed to afford him reasonable accommodations because of his disability; that USPS exposed him to harassment and a hostile work environment because of his disability; and that it retaliated against him for prior protected activity. In its September 2007 Opinion, the Court granted summary judgment to the USPS on the first two counts based, in large part, on his therapist's statement that, as of September 2001, Mr. Zeigler's impairment presented "no significant impact on his major life activities." *See* Mem. Op. at 10; 510 F.Supp. 2d at 17. This Court concluded that "[b]ecause Mr. Zeigler, as of September 2001, did not have an impairment that limited a major life activity, he did not qualify as 'disabled' under the Rehabilitation Act and was not entitled to an accommodation." *Id.* Since he was not "disabled," he did not suffer an actionable hostile work environment because of disability. Mem. Op. at 10-11; 510 F. Supp. 2d at 17.

Mr. Zeigler now "seeks clarification as to whether the Court interpreted Dr. Jayson's cover letter to mean that Mr. Zeigler's mental impairment did not substantially limit any major life activity, both at the time the letter was written when Plaintiff was requesting reasonable accommodation, and *at any time in the past*." Pl.'s Mot. for Recons. at 2. The Court's decision was

limited to the issues presented in this litigation, *i.e.*, did USPS discriminate against Mr. Zeigler when it relied on Dr. Jayson's September 27, 2001, letter to determine that Mr. Zeigler was not "disabled" within the meaning of the Rehabilitation Act *at that time*. The Court made no findings and reached no conclusions as to Mr. Zeigler's disability status at any other time.

Further, Mr. Zeigler argues that Dr. Jayson clearly did not understand the legal meaning and significance behind her use of the words "significant impact" and "major life activity," which are two of the three prongs to the definition of "disability" under the Rehabilitation Act. *See* 29 U.S.C. § 705(20)(B); *see also Bragdon v. Abbott*, 524 U.S. 624, 631 (1998).[3] He contends that it would be "erroneous and unjust" for the Court to rely only on Dr. Jayson's cover letter, thereby apparently substituting Dr. Jayson's legal conclusions for its own, to hold as a matter of law that Plaintiff was not "disabled" under the Rehabilitation Act. Pl.'s Mot. for Recons. at 3. The argument mis-perceives the Court's decision, which will, therefore, be clarified.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case. *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005).[4] Rule 54(b) provides that

---

[3] The three prongs of the definition of the term "individual with a disability" under Section 705(20)(B) are that (1) the individual must be suffering from a "physical or mental impairment," (2) the individual must be impaired in a "major life activity," and (3) the physical or mental impairment must "substantially limit[]" a major life activity. *Bragdon*, 524 U.S. at 631. Literally speaking, therefore, the words that Dr. Jayson employed in her letter – "significant impact" – are not identical to the words "substantially limits" which constitute the third prong of the definition of "disability"under the Rehabilitation Act.

[4] Though Plaintiff has not advised the Court under which Federal Rule of Civil Procedure it filed its Motion for Reconsideration, the Court construes Plaintiff's motion as a Rule 54(b) motion because the underlying motion to dismiss, or in the alternative motion for summary

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Revision may be permitted when the Court has

> patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court.

*Singh*, 383 F. Supp. 2d at 101 (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). In general, a court will grant a motion for reconsideration of an interlocutory order only when the movant demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Keystone Tobacco Co., Inc. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003).

### III. ANALYSIS

Dr. Jayson communicated her professional opinion, as a matter of medical fact, that Mr. Zeigler's impairment did not substantially limit his ability to engage in major life activities. In relying on her opinion, the Court merely accepted the facts she recounted and, from them, reached a legal judgment. The Rehabilitation Act, as through the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* (2008), has been repeatedly interpreted by the Supreme Court to define only certain kinds of *current* physical or mental impairments as constituting a "disability" within the meaning of the law. *See, e.g., Toyata Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 198 (2002) ("It is insufficient for individuals attempting to prove disability status under this test

---

judgment, related only to Counts 1 and 2 of the Complaint.

to merely submit evidence of a medical diagnosis of an impairment."); *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 482 (1999) (holding that the phrase "substantially limits" is "properly read as requiring that a person be presently-not potentially or hypothetically-substantially limited in order to demonstrate a disability. A 'disability' exists only where an impairment 'substantially limits' a major life activity, not where it 'might,' 'could,' or 'would' be substantially limiting if corrective measures were not taken."); *Murphy v. United Parcel Serv., Inc.*, 527 U.S. 516 (1999) (holding that the determination of an individual's disability must be made with reference to the mitigating measures he employs); *Albertson's, Inc. v. Kirkingburg*, 527 U.S. 555, 565-66 (1999) (holding that the ADA "concerns itself only with limitations that are in fact substantial," and that there is "no principled basis for distinguishing between [mitigating] measures undertaken with artificial aids, like medications and devices, and measures undertaken, whether consciously or not, with the body's own systems"). Dr. Jayson's assessment of Mr. Zeigler's medical situation in September 2001 did not meet the applicable definition.

Mr. Zeigler charged USPS with discrimination based on his disability, but the last word USPS received was that he was not disabled *at that time*. He has offered no evidence that would contradict that report. In addition, Mr. Zeigler does not dispute that the Reasonable Accommodation Committee's decision to "deny reasonable accommodation was . . . based solely on Dr. Jayson's September 27, 2001 letter." Pl.'s Opp'n to Def.'s Mot. to Dismiss at 24. This was a reasonable approach, as it represented the most recent assessment of his condition and was directly on point to the legal question.

## IV.  CONCLUSION

There being no change in the law or the facts, and no injustice done, the Motion for Clarification and/or Reconsideration will be granted in part and denied in part.  This memorandum opinion clarifies the limited nature of the Court's holding but denies the motion for reconsideration.  A memorializing order accompanies this memorandum opinion.


DATE: May 23, 2008                                              /s/                         
                                                        ROSEMARY M. COLLYER
                                                        United States District Judge